# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| ALJANAL CARROLL, ET AL., | ) |
| | ) |
| Plaintiff, | ) |
| | )Civil No. |
| vs. | )22-cv-0051-JRR |
| | ) |
| WALDEN UNIVERSITY, LLC, | )Baltimore, Maryland |
| ET AL., | ) |
| | ) |
| Defendants. | )2:10 p.m. |
| ________________________________ | ) |

**THE ABOVE-ENTITLED MATTER CAME ON FOR**
**SETTLEMENT APPROVAL HEARING**
**BEFORE THE HONORABLE JULIE R. RUBIN**

A P P E A R A N C E S

On Behalf of the Plaintiffs:
ALEXA T. MILTON, ESQUIRE
ERIC ROTHSCHILD, ESQUIRE
GLENN SCHLACTUS, ESQUIRE
LILA R. MILLER, ESQUIRE
TARA K. RAMCHANDANI, ESQUIRE

On Behalf of the Defendants:
CAITLIN E. DAHL, ESQUIRE
AMELIA RAETHER, ESQUIRE

(Computer-aided transcription of stenotype notes)

Reported by:
Ronda J. Thomas, RMR, CRR
Federal Official Reporter
101 W. Lombard Street, 4th Floor
Baltimore, Maryland 21201

This comes at great personal expense of time and effort, and exposure, with no promise of a service award or an incentive award. Importantly, Plaintiffs Carroll, Charles, and Fair are forfeiting their individual claims under Minnesota statutes and for common law fraud, which means they have sacrificed the prospect of their personal recovery in favor of representing and fighting for their class. They served their class members well and diligently.

The service award request of 25,000, a total of 100,000, is reasonable; and fairly and adequately reflects the value they added to this case, their personal expense for each of them, and the exposure to potential public ridicule or pressure or just general public exposure, and the ultimate recovery for the class.

Plaintiffs lead counsel is Relman Colfax PLLC, a national D.C.-based civil rights firm, with considerable expertise and depth of experience and complex civil rights litigation in consumer-related cases under state and federal law; the firm litigated what is believed to be the first reverse redlining Title VI and ECOA discrimination class action certified against a for-profit college, like Walden here. Counsel have deep experience and expertise in reverse redlining theories of recovery at issue here, and represented their clients at the highest level of quality, professionalism and diligence. Plaintiffs' co-counsel, the National Student Legal Defense

Network, brought an additional material expertise as a nonprofit whose mission includes addressing disparities in civil rights in the higher education setting, to include student lending.

The Student Defense regularly appears as counsel in cases similar to this action at the national level, both state and federal courts.

Pursuant to Rule 23(h), there are two main methods for calculating the reasonableness of attorneys' fees. There's the lodestar method and the percentage-of-recovery method.

The lodestar method calculates reasonable fees by multiplying the number of reasonable hours expended times a reasonable rate, while the percentage-of-recovery method considers the portion of the total settlement fund that will go to attorneys' fees.

Awarding attorneys' fees on a percentage-of-recovery basis is appropriate.

When the proposed settlement creates a common fund for the class, as is the case here, this Court has regularly awarded attorneys' fees using a percentage-of-recovery method with a lodestar crosscheck or safety net.

The Court is satisfied that there's a clear consensus among the federal and state courts, consistent with Supreme Court precedent, that the amount of award attorneys' fees in common fund cases should be based on percentage of the

recovery.

The Fourth Circuit has explained awarding fees as a percentage of the common fund, quote, "Holds the beneficiaries of a judgment or settlement responsible for compensating the counsel who obtained the judgment or settlement for them," end quote.

The Court also agrees that awarding 25 percent of the settlement fund is reasonable pursuant to the parties' settlement agreement. The defendants do not oppose class counsel's request for an award of attorneys' fees and costs of 25 percent of the settlement sum, which amounts to $7,125,000.

When considering the reasonableness of a percentage of recovery of attorney's fee award, district courts in the Fourth Circuit have analyzed the following seven factors: One, the results obtained for the class. The most critical factor in calculating a reasonable fee award is the degree of success obtained. In this case, the degree of success is substantial for the reasons I recited before. District courts in this circuit regularly approve awards of a quarter of the settlement fund. I was looking at the *McAdams* case out of 2022, approving a 43 percent award from the common fund; *Galloway*, 33 percent; *Sims*, 33 percent; *Deem*, 33 percent; and *Novant Health* and many others.

The second factor is the quality, skill, and efficiency of the attorneys involvement. As I said earlier, class counsel

have impressive civil rights and class action litigation experience including in this niche subject area; and no doubt that experience produced the beneficial results in this case. They worked efficiently and effectively to achieve an exceptional outcome for their clients.

Number three, the third factor is the risk of nonpayment. Class counsel litigated this case on a contingency basis. Basically, what that means is they risked their own time and resources in litigation that involved relatively untested and underdeveloped legal theories and facts. Very few lawyers can take on the representation of a class client given the investment of time, substantial time, effort and money, especially in light of the risks of recovering nothing.

Risks relevant to assessing an atypically large or small fee request are the distinctive risks specific to a particular litigation.

At set forth earlier, if this matter had proceeded in litigation, plaintiffs would have borne considerable additional risks: Including contested class certification for pretrial, the possibility of interlocutory appeal pursuant to Rule 23(f), dispositive motions and potential appeals, and trial itself.

Also important is the relative new-kid-on-the-block character of this class action subject area: Reverse redlining in the for-profit educational market. The law is fairly underdeveloped here, or undeveloped here; counsel take on

considerable opportunity cost associated with contingency cases, not only with respect to opting out of hourly rate work, but also with respect to fronting expenses. I consider that to be extra present here in this case given what I've just said.

Number four, the fourth factor, objections by members of the class to the settlement terms and/or fees requested by counsel. I've already addressed the sole Hoxsey objection, which takes no issue with the requested award of attorneys' fees or class represented or named members incentive awards. Such as lack of opposition strongly supports a finding of adequacy because the attitude of the members of the class, as expressed directly or by failure to object, after notice to the settlement is a proper consideration for the trial Court. That is the Fourth Circuit in *Flinn v. FMC Corp*., 528 F.2d 1169.

The fifth factor is awards in similar cases. Pursuant to Newberg on Class Actions, a one-third percentage-of-recovery award is consistent with the studies performed over decades and here we have a 25 percent request. Empirical studies show that regardless of whether the percentage method or the lodestar method is used, fee awards in the class action average around a third of their recovery.

The complexity and duration of the case is the sixth factor. This case involved extensive prefiling investigation of claims and damages and in view of the relative nascent stage of this area of law they prosecuted their clients' claims

aggressively and creatively. Settlement negotiations were long and challenging; and the complexity of the case is somewhat mirrored by the extraordinarily complex and thorough settlement agreement. And it's not even technically over because class counsel will have to spend additional time and effort to administer additional possible class members.

The seventh factor is public policy. Public policy favors the requested award where risk of nonpayment exists because the relevant public policy considerations involve the balancing of the policy goals of encouraging counsel to pursue meritorious litigation. This supports approval of the fees and expenses request in this case.

Moving on to the lodestar crosscheck. It does confirm that counsel's fee request is reasonable. A lodestar crosscheck is not required to determine the fairness of a fee when the percentage-of-recovery method is used but we do it as a safety net.

According to Mr. Schlactus' and Mr. Rothschild's very thorough declarations at ECF-101-4 and ECF-101-5, here, the lodestar for class counsel is $3,875,398; class counsel devoted over 6,275 hours to this litigation, which does not include 433 deducted hours based on counsel's review of their time, and more than $30,000 in out-of-pockets not sought through the motion, but what surely would have been requested on a prevailing party fee petition.

Class counsel's hourly rates are well within the goalpost of litigators in their general field of their echelon.

Further, counsel's hourly rates are also comfortably within the ranges of rates approved as reasonable in recent class actions in this circuit, including those I cited earlier.

Class counsel's total lodestar $3,875,398 results in a 1.84 multiplier, which is well within the goalposts set by many other cases in the Fourth Circuit.

The Court also finds that the requested award of expenses is utterly appropriate and reasonable. The Fourth Circuit has opined that litigation expenses are integrally related to the work of the attorney and the services for which outlays are made may play a significant role in the ultimate success of litigation.

The requested service award or incentive awards, as I said here, is reasonable and fair. Newberg and Rubenstein on Class Actions which is -- I consider it the Bible on class actions -- confirms that in 2021 the mean incentive award was under $25,000. For the reasons I said earlier, I do find that they served their class members very well and diligently, and defendant does not oppose this award. No class member has objected to it. With respect to the certification of the proposed class, Rule 23 at subsections (a), (b)(2), (b)(3), and (g) are satisfied.

With respect to Rule 23(a)(1), that issue of numerosity,