## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| LESLIE PURYEAR, *on behalf of himself and all those similarly situated*, | |
| Plaintiff, | |
| v. | Civil Action No. 3:24-cv-00479-REP |
| CHADWICK DOTSON, *in his individual capacity*, | |
| HAROLD CLARKE, *in his individual capacity*, | |
| Defendants. | |

## AMENDED SETTLEMENT AGREEMENT

This Amended Settlement Agreement, dated January 28, 2025 ("Settlement Agreement"), is entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, the Settlement Agreement is entered into among Defendants Chadwick Dotson and Harold Clarke ("Defendants"), and Plaintiff Leslie Puryear, individually and on behalf of those similarly situated. Defendants and Plaintiff are the "Parties." This Settlement Agreement supersedes the Agreement previously entered into between the Parties and filed with the Court on December 16, 2024.

## BACKGROUND

Plaintiff Leslie Puryear alleges on behalf of himself and a class of similarly situated individuals that the Virginia Department of Corrections ("VDOC") denied them expanded earned sentence credits ("ESCs") to which they were statutorily entitled as of July 1, 2022, and thus imprisoned them for days, weeks, or months after they were entitled to release from

1

incarceration. Defendants are the current and former Directors of VDOC, Chadwick Dotson and Harold Clarke, respectively. Mr. Puryear brings claims under 42 U.S.C. § 1983, alleging violations of his Fourteenth Amendment rights to substantive and procedural due process as well as his Eighth Amendment right against cruel and unusual punishment, and under Virginia state law, alleging false imprisonment.

In 2020, the Virginia General Assembly amended the state's ESC program to allow most persons in VDOC custody to earn up to 15 ESCs for every 30 days in prison, except for individuals serving sentences for certain offenses enumerated in the statute, who can earn only 4.5 ESCs per 30 days served. One credit equals one day deducted from a person's carceral sentence. Mr. Puryear alleges that Defendants wrongfully included inchoate offenses associated with robbery and carjacking on the list of offenses excluded from expanded ESCs, such that VDOC over-detained him. After Mr. Puryear filed a petition for a writ of habeas corpus, VDOC changed its policy, retroactively granted expanded ESCs to Mr. Puryear and others serving sentences for inchoate offenses related to robbery or carjacking, and released those who were eligible. This group included 30 people. Furthermore, between September 1, 2022, when the expanded ESC statute went into effect, and November of 2023, 23 additional people serving sentences for inchoate offenses related to robbery or carjacking were denied expanded ESCs and were released later than they would have been had they been given the expanded ESCs to which they were entitled. Both groups—the 30 people released in November 2023 and the 23 people released between September 1, 2022 and November 2023—are part of the class.

This case was filed in the United States District Court for the Eastern District of Virginia on June 28, 2024. Defendants subsequently filed a Motion to Dismiss, to which Mr. Puryear responded, and Defendants replied. While that motion was pending, the Court directed the

Parties to hold a Rule 26 conference and exchange written discovery. The Parties compiled. At a Rule 16 conference shortly thereafter, the Court referred the Parties to mediation in front of Magistrate Judge Summer L. Speight. The Parties and their Counsel conducted discussions and arm's length negotiations with respect to a compromise and settlement of this case at mediation sessions on October 28 and November 1, 2024.

Mr. Puryear, without conceding any infirmity in his claims, and Defendants, without admitting or conceding any fault or liability whatsoever, and without conceding any infirmity in their defenses, have concluded that further litigation of this action would be lengthy and expensive and that it is desirable that the litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement to limit further expenses and inconvenience and to dispose of burdensome and likely protracted litigation.

Mr. Puryear and his Counsel have concluded that the terms and conditions of this Settlement Agreement are fair, reasonable and adequate to Mr. Puryear and the Class, and in their best interests, and have agreed to settle the claims raised in the Civil Action pursuant to the terms and provisions of this Settlement Agreement, after considering: (i) the benefits that Plaintiff and the members of the Class will receive from the Settlement Agreement; (ii) the attendant risks of litigation; (iii) the difficulties, expense and delays inherent in such litigation; (iv) the belief of Plaintiff that the Settlement is fair, reasonable, and adequate, and in the best interest of all Class Members; and (v) the desirability of permitting the Settlement to be consummated as provided by the terms of this Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiff, the Class, and Defendants, subject to the approval of the Court pursuant to the procedures mandated by Federal Rule of Civil Procedure 23(e), as follows:

## I. DEFINITIONS

1.      The following terms, as used in this Settlement Agreement, have the following

meanings:

       a.    "Civil Action" means the above-styled litigation.

       b.    "Class" and "Settlement Class" mean all Class Members, excluding (1) the

District and Magistrate Judges presiding over this action and members of their families; (2)

Defendants and members of their families; (3) persons who properly execute and file a timely

request for exclusion from the class; and (4) the legal representatives, successors or assigns of

any such excluded persons.

       c.    "Class Member" means any individual in the custody of VDOC as of July 1, 2022

serving a sentence for an inchoate crime associated with robbery or carjacking; who was not

awarded expanded ESCs on those inchoate offenses under Virginia Code § 53.1-202.3(B), as

amended; who was released from VDOC custody on or before November 30, 2023; and who

would have been released earlier than they were had they been awarded expanded ESCs as of

July 1, 2022. "Class Member" is limited to those individuals who were excluded from earning

expanded ESCs solely because of an inchoate robbery and/or carjacking offense. The list of

potential Class Members and number of days they served past their release dates as calculated

with expanded ESCs as currently known to the Parties is contained in **Exhibit A** to this

Settlement Agreement.

       d.    "Court" means the United States District Court for the Eastern District of

Virginia, through the Judge assigned to the Civil Action.

e.   "Defendants" means Chadwick Dotson, Director of the Virginia Department of Corrections, in his individual capacity; and Harold Clarke, Former Director of the Virginia Department of Corrections, in his individual capacity.

f.   "Defense Counsel" means the Virginia Office of the Attorney General.

g.   "Effective Date" means the date upon which the Settlement contemplated by this Settlement Agreement shall become effective, as set forth in paragraph 32.

h.   "ESCs" means earned sentence credits as established by the Virginia General Assembly in Virginia Code § 53.1-202.2 *et seq.* effective January 1, 1995.

i.   "Escrow Account" means a non-interest-bearing federally insured account on behalf of Plaintiff and the Class designated and controlled by the Settlement Administrator.

j.   "Expanded ESCs" means expanded earned sentence credits as established by the Virginia General Assembly in Virginia Code § 53.1-202.2 *et seq.* effective July 1, 2022.

k.   "Notice" means the Notice of Proposed Settlement of Class Action, which is to be sent to Class Members substantially in the form attached hereto as **Exhibit B**.

l.   "Notice and Opt-Out Period" means the period of time between when Notice is sent to the Class Members, and the Court-established deadline for opting out of the Settlement Class.

m.   "Order and Final Judgment" means the Order Granting Approval of Proposed Class Action Settlement, and Certification of Class, to be entered by the Court substantially in the form attached hereto as **Exhibit C**.

n.   "Order for Notice and Hearing" means the Order Granting Preliminary Approval of Proposed Class Action Settlement, Provisional Certification of Class and Approval of Notice, to be entered by the Court substantially in the form attached hereto as **Exhibit D**.

5

o.   "Per Diem Total" is the amount that Defendants will actually deposit into the Escrow Account as payment for class members after the Notice and Opt-Out Period, to be calculated as follows:

(1)   The preliminary estimate of the Per Diem Total is $1,139,694. This is based on the Parties' understanding that the Class Members were collectively over-detained for 9,646 days, and that they will be compensated $118 per day of over-detention.

(2)   Should any Class Member opt out of the Settlement Class during the Notice and Opt-Out Period, that Class Member's pro rata share of the Settlement Fund, as stated in Exhibit A, shall be deducted from the Per Diem Total.

(3)   The Parties understand that one Class Member, Jorge Jovel, was deported shortly after he was released from VDOC custody. The Parties will make best efforts to contact Mr. Jovel during the Notice and Opt-Out Period. If they are unable to reach Mr. Jovel during this Period, Mr. Jovel's pro rata share of the Settlement Fund will be deducted from the Per Diem Total.

(4)   Any difference between $40,000 and the amount that the Court approves as a service payment to Mr. Puryear shall be added to the Per Diem Total.

(5)   If the Parties agree that the current number of days of over-detention they have identified for any Class Member is inaccurate, pursuant to the process in paragraph 21 of this Agreement, or if the Parties identify additional Class Members who should be compensated pursuant to paragraph 22 of this Agreement, the Per Diem Total shall not be revised.

Rather, distributions to all members of the Class shall be adjusted, on a

pro rata basis, such that the total payment amounts across all members of

the Class do not exceed the Per Diem Total.

p.   "Plaintiff's Counsel" means the law firm of Relman Colfax, PLLC.

q.   "Peer-to-peer payment" means PayPal or Venmo.

r.   "Released Claim(s)" means those claims defined in Section IX.

s.   "Settlement" means the settlement embodied by this Settlement Agreement.

t.   "Settlement Administrator" means Settlement Services, Inc.

u.   "Settlement Administration Costs" means costs and expenses of the Notice and

instructions to Class Members and administration of the Settlement Fund, escrow fees, Taxes,

custodial fees, and expenses incurred in connection with distributing the Settlement Fund,

providing any necessary tax forms to Class Members, and all other costs incurred in connection

with administering the Settlement.

v.   "Settlement Fund" means all the cash amounts paid by or on behalf of Defendants

in settlement of the Civil Action.

w.   "Taxes" means all (i) taxes on the income of the Settlement Fund and (ii)

expenses and costs incurred in connection with the taxation of the Settlement Fund (including,

without limitation, expenses of tax attorneys and accountants).

x.   "VDOC" means the Virginia Department of Corrections.

## II. SETTLEMENT CLASS

2.     The Parties agree and stipulate that for purposes of resolution of claims for

monetary relief, pursuant to the Court's approval, the putative Class should be certified under

Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

3.      The Parties agree that the following plaintiff class should be approved and certified pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure: all individuals in the custody of the VDOC as of July 1, 2022 serving sentences for an inchoate crime associated with robbery or carjacking; who were not awarded expanded ESCs on those inchoate offenses under Virginia Code § 53.1-202.3(B), as amended; who were released from VDOC custody on or before November 30, 2023; who would have been released earlier than they were had they been awarded the expanded earned sentence credits as of July 1, 2022; and who were denied expanded ESCs solely because of their inchoate robbery and/or carjacking offense.

### III. RELIEF TO CLASS MEMBERS

4.      In full, complete and final resolution of the claims asserted or that could have been asserted in the Civil Action, and subject to the satisfaction of all the terms and conditions of this Settlement Agreement, Defendants agree to pay or cause to be paid the following funds, which shall constitute the Settlement Fund. The Settlement Fund shall be distributed as follows:

a.      <u>Payments to Class Members:</u> Within sixty (60) days following the Effective Date, Defendants shall pay or cause to be paid the Per Diem Total into the Escrow Account.

i.      The Per Diem Total shall be calculated as specified in paragraph 1(o).

ii.      Within twenty-one (21) days after receipt of the Per Diem Total into the Escrow Account, the Per Diem Total shall be distributed pro rata to the Settlement Class based on the number of days that each individual was over-detained, *i.e.*, the number of days between when the individual would have been released had they been given retroactive expanded ESCs as of July 1, 2022, and when the class member was actually released. Should any Settlement Class member's payment be less than $1,000, the

payment shall be revised upward to $1,000, and payments to other members of the Settlement Class shall be revised downward pro rata, so that the total amount distributed to members of the Settlement Class does not exceed the Per Diem Total.

       iii.      If the Class Member has informed the Settlement Administrator during the Notice and Opt-Out Period pursuant to the process specified in the Notice (**Exhibit B**) that they prefer to receive payment via peer-to-peer payment and provided the Settlement Administrator with the information necessary to make a peer-to-peer payment, and the Class Member's payment amount does not disqualify them from peer-to-peer payment, the Settlement Administrator shall disburse the Class Member's payment via their chosen peer-to-peer payment method. If the Class Member has not elected otherwise, the Settlement Administrator shall mail a check to the Class Member's last known address, *i.e.*, the address to which the Class Member has indicated the payment should be sent during the Notice and Opt-Out Period pursuant to the process specified in the Notice (**Exhibit B**), or if no address was indicated, the address to which the most recent Notice not returned undeliverable was sent.

       iv.      The number of days that each member of the Settlement Class was over-detained as presently known to the Parties is stated in **Exhibit A**. Shall any member's number of days of over-detention be revised, pursuant to the procedures laid out in Section V (Administration of Notice), the Parties shall draft a revised version of Exhibit A and submit it to the Court along with their Motion for Final Approval of Proposed Class Action Settlement.

       v.      If for any reason any portion of the Per Diem Total money remains in the Escrow Account one year after distribution of payments from the Escrow Account to the

Settlement Class, all such remaining money shall be donated to a third-party non-profit organization mutually agreed upon by the Parties.

b.    Service Payment: The Parties agree that Plaintiff Leslie Puryear is entitled to reasonable compensation for his service as the sole Named Plaintiff and putative class representative in this litigation. Defendants agree not to oppose Plaintiff's Counsel's petition to the court for up to $40,000 as a service payment to Mr. Puryear. Within sixty (60) days following the Effective Date, Defendants shall pay or cause to be paid $40,000 into the Escrow Account. Within twenty-one (21) days of the receipt of this amount into the Escrow Account, the Settlement Administrator shall pay the amount that the Court approved as a service payment to Mr. Puryear via the same method of payment used to issue his payment under paragraph 4(a).

c.    Attorneys' Fees: The Parties agree that Plaintiff, the Settlement Class, and Plaintiff's Counsel are entitled to recover reasonable attorneys' fees and costs in an amount of no more than $400,000. This amount is equal to approximately 25% of the total Settlement Fund. Defendants agree not to oppose Plaintiff's Counsel's petition to the Court for up to $400,000 in attorneys' fees and costs. Within sixty (60) days following the Effective Date, Defendants shall pay or cause to be paid the amount that the Court finally approves in attorneys' fees and costs, up to $400,000, into the Escrow Account. Within twenty-one (21) days after the receipt of this amount into the Escrow Account, the Settlement Administrator shall pay the funds to Plaintiff's Counsel via check or wire transfer made out to Relman Colfax PLLC, 1225 19th Street N.W., Suite 600, Washington, D.C. 20036.

d.    Administration Costs: Within sixty (60) days following the Effective Date, Defendants shall pay or cause to be paid $20,000 into the Escrow Account as compensation

10

for the Settlement Administrator. These funds may be dispersed, as reasonably required and without further approval of the Court, to pay Settlement Administration Costs incurred by the Settlement Administrator. Prior to withdrawing any funds from the Escrow Account as payment, the Settlement Administrator shall provide an invoice to both Parties detailing the Administrator's activities to-date and the amount to be billed. Upon receipt, the Parties shall have ten (10) days to object to the invoice. Any disputes regarding the invoice shall be resolved in accordance with the Dispute Resolution Procedures in Section VIII of this Agreement. If no Party has objected within ten (10) days of the issuance of the invoice, the Settlement Administrator may then pay itself the amount of the invoice from the Escrow Account. The Settlement Administrator has agreed that the Settlement Administration Costs will not exceed $20,000 total.

5.      The Settlement Administrator shall provide Counsel for both Parties with a report thirty (30) days after the first payments to Class Members are made, and every thirty (30) days thereafter, outlining the status of each payment (*i.e.*, what method of payment was used; if check, has it been cashed; etc.). The Parties shall make best efforts to contact Class Members who have not yet cashed their checks or otherwise received payment and notify them of their payment. If the Class Member indicates to any party that they would prefer a different method of payment and/or that they would prefer their check be mailed to a different address, the party shall provide this information to the Settlement Administrator and all other parties within two (2) days. Within three (3) days of receiving such information, the Settlement Administrator shall re-issue the payment to the Class Member's preferred method/address, and if necessary, cancel prior checks or payments.

6.      The Settlement will be non-recapture; *i.e.*, it is not a claims-made settlement. Defendants have no ability to keep or recover any of the Settlement monies unless the Settlement Agreement does not become effective. Notwithstanding this provision, if the actual Settlement Administration Costs total less than $20,000, the difference between the Settlement Administration Costs and $20,000 shall revert back to Defendants after the Settlement Administrator has been paid for its final invoice.

7.      The Settlement Administrator shall provide Class Members and Plaintiff's Counsel with all necessary documentation regarding their payments, including any necessary tax reporting forms.

7.      The Settlement Administrator shall be solely responsible for timely filing all informational and other tax returns necessary to report any net taxable income earned by the funds in the Escrow Account and shall timely file all informational and other tax returns necessary to report any income earned by the funds in the Escrow Account and shall be solely responsible for timely taking out of the funds in the Escrow Account, as and when legally required, any tax payments, including interest and penalties due on income earned by the funds in the Escrow Account. All Taxes (including any interest and penalties) due with respect to the income earned by the funds in the Escrow Account shall be paid from the Settlement Fund. Defendants shall have no responsibility to make any filings relating to the Settlement Fund and will have no responsibility to pay taxes on income earned by the Settlement Fund or pay any taxes on the Settlement Fund, unless the Settlement is not consummated and the Settlement Fund is returned. In the event the Settlement is not consummated, Defendants shall be responsible for the payment of all taxes (including any interest or penalties) on said income.

## IV. ORDER FOR NOTICE AND HEARING

8.      Concurrently with submission of this Settlement Agreement, Plaintiff shall submit

to the Court an unopposed motion for entry of the Order for Notice and Hearing, requesting

preliminary approval of the Settlement and certification of the Class; and authorization to

disseminate Notice of such certification of the Class, of the Settlement, and of the final judgment

contemplated by this Settlement Agreement to all known Class Members.

9.      Defendants agree to affirmatively support Plaintiff's motion and agree that the

relief sought by Plaintiff's motion is fair and adequate, and that the Court should grant it in its

entirety.

## V. ADMINISTRATION OF NOTICE

10.     Within five (5) days after the date of entry of the Order for Notice and Hearing,

Defendants shall prepare and deliver an Excel spreadsheet to the Settlement Administrator

containing the names, Social Security Numbers, last known addresses, last known telephone

numbers, last known email addresses, and dates of over-incarceration of all potential Class

Members ("Class Intake List"). Defendants shall simultaneously provide a copy of the

spreadsheet to Plaintiff's Counsel.

11.     Within twenty-one (21) days after the date of entry of the Order for Notice and

Hearing, the Settlement Administrator shall cause a Notice substantially in the form of **Exhibit B**

to be distributed via first class mail and email to the most recent contact information for the

individuals on the Class Intake List, to the extent mailing and email addresses are available.

12.     No later than the date on which the Settlement Administrator first distributes the

Notice, the Settlement Administrator shall maintain and staff with live persons a toll free "800"

line to receive calls from Class Members between the hours of 9:00 a.m. and 7:00 p.m. (Eastern

13

Standard Time), Mondays through Fridays. At all other times, the line shall be answered by a voicemail message recording device. These hours of telephone coverage shall be subject to revision and modification upon agreement of the Plaintiff and Defendants based on the recommendation of the Settlement Administrator. The live persons staffing the "800" line shall be trained to provide information consistent with the Notice, and the voicemail message shall use language agreed upon by Plaintiff and Defendants.

13.     For each Notice mailed to a person on the Class Intake List and returned as undeliverable, the Settlement Administrator shall notify Plaintiff's Counsel and Defense Counsel within two (2) days after receipt of any undeliverable Notice. Counsel shall endeavor to obtain any likely current address(es) of the Class Member, including by obtaining updated contact information from the Class Member's probation/parole officer, and provide it to the Settlement Administrator within five (5) days thereafter. The Settlement Administrator shall simultaneously conduct address "tracing." Within two (2) days after receipt of additional address(es), the Settlement Administrator shall re-mail the Notice to any address(es) provided by the Parties and/or by tracing. Plaintiff's Counsel, Defense Counsel, and Settlement Administrator will take comparable steps with respect to email addresses determined not to be accurate.

14.     Class Members who wish to present objections to the proposed Settlement must do so in writing as specified by the procedure in the Notice. Written objections must be mailed and postmarked no later than 75 days after entry of the Order for Notice and Hearing to the United States District Court for the Eastern District of Virginia, 701 East Broad Street, Richmond, VA 23219, and to Plaintiff's Counsel and Defense Counsel. In the event the Settlement Administrator receives a written objection, within five (5) days of receipt, the Settlement Administrator shall serve copies on Plaintiff's Counsel, who will electronically file

the written objection with the Court and cause the written objections to be served electronically on Defense Counsel contemporaneously therewith.

15.    Class Members who wish to opt out of the proposed Settlement must do so in writing as specified by the procedure in the Notice. Requests to opt out of the proposed Settlement must be postmarked to the Settlement Administrator within 60 days after entry of the Order for Notice and Hearing. The Settlement Administrator shall determine whether a Class Member has timely satisfied the procedure set forth in the Notice. Within three (3) days of receipt of an opt-out, the Settlement Administrator shall serve copies on Plaintiff's Counsel and Defense Counsel.

16.    Any Class Member who exercises the right to opt out of the proposed Settlement shall have a right to rescind his or her opt-out by following the procedure specified in the Notice. Opt-out rescissions must be postmarked to the Settlement Administrator within 90 days after the entry of the Order for Notice and Hearing. The Settlement Administrator shall determine whether a Class Member has timely satisfied the procedure set forth in the Notice. The parties agree that it would be appropriate and beneficial for the Court, through the offices of a Magistrate Judge or otherwise, to communicate with opt-outs prior to the rescission deadline regarding their decision to opt out.

17.    Within 95 days after entry of the Order for Notice and Hearing, the Settlement Administrator shall serve all requests to opt out of the proposed Settlement, and any rescissions, on Plaintiff's Counsel and Defense Counsel. The Settlement Administrator shall retain copies of all requests to opt out and rescissions in its files until such time as it is relieved of all duties and responsibilities under this Settlement Agreement.

## VI. TERMS AND ORDER OF FINAL JUDGMENT

18.    Within one hundred (100) days after the date of entry of the Order for Notice and Hearing, Plaintiff shall move the Court to enter an Order and Final Judgment substantially in the form attached hereto as **Exhibit D** and shall file a memorandum addressing any timely-filed written objections to the Settlement. An updated version of Exhibit A shall be attached to that motion pursuant to paragraph 4(a)(iv).

19.    Defendants agree that the relief requested by Plaintiff is fair and adequate and that the Court should grant Plaintiff's motion in its entirety. Defendants agree not to oppose Plaintiff's motion for attorney's fees and agree to affirmatively support the remainder of Plaintiff's motion.

20.    The proposed Order and Final Judgment shall provide for the following:

a.    Approval of the final Settlement of the claims asserted or that could have been asserted in the Civil Action arising, in whole or in part, from the facts asserted in the Civil Action, including a service payment to Plaintiff; adjudging the Settlement to be fair, reasonable and adequate; directing consummation of the terms and provisions of the Settlement Agreement; and requiring the Parties to take the necessary steps to effectuate its terms and provisions;

b.    Dismissal with prejudice of the claims of Plaintiff and the Class in the Civil Action, whether asserted directly, individually or in a representative or derivative capacity, and without additional costs or expenses to any party other than as provided for in this Settlement Agreement;

c.    A list of all members of the Class who have timely opted out of the Class and have not rescinded their opt out;

16

d.   To the extent permitted by law, a permanent injunction barring every Class Member who has not opted out of the Class from asserting any Released Claim against Defendants, and Defendants from asserting any Released Claim against any Class Member who has not opted out of the Class, either directly, individually, or in a representative or derivative capacity;

e.   The Parties' submission to, and the Court's continuing retention of, exclusive jurisdiction over this matter for the purposes of effectuating and supervising the enforcement, interpretation or implementation of this Settlement and the judgment entered thereon, and resolving any disputes that may arise hereunder; and

f.   That on the Effective Date, all Class Members who have not opted-out of the class shall be bound by this Settlement Agreement and by the Order and Final Judgment.

## VII. ADMINISTRATION PROCESS

21.   Pursuant to the process described *supra* in Section V, the Settlement Administrator shall notify all Class Members of their membership in the Class and the number of days of over-detention for which they will be compensated. In the event that any Class Member contacts the Settlement Administrator to dispute this calculation:

a.   The Settlement Administrator shall notify Plaintiff's Counsel and Defense Counsel within two (2) days of receipt of such a dispute. In the event that any Class Member contacts Plaintiff's Counsel or Defense Counsel to dispute this calculation, counsel shall notify counsel for the other Parties within two (2) days of receipt of such a dispute.

b.   Upon receipt of such notification from the Settlement Administrator or another party, the Parties shall jointly investigate the Class Member's claim, using VDOC records,

and determine whether the Class Member is entitled to compensation for additional days of over-detention.

c.   Within seven (7) days, the Parties shall notify the Settlement Administrator of their joint decision regarding the number of days of compensation to which the Class Member is entitled.

d.   The Settlement Administrator shall then, within two (2) days of receipt of the Parties' decision, notify the Class Member of the decision.

e.   Any disputes between the Parties regarding the number of days of over-detention for which a Class Member is entitled to compensation shall be resolved in accordance with the Dispute Resolution Procedures in Section VIII of this Agreement.

22.   In the event that any individual not listed in **Exhibit A** contacts the Settlement Administrator inquiring about membership in the class:

a.   The Settlement Administrator shall notify Plaintiff's Counsel and Defense Counsel within two (2) days of receipt of such an inquiry. In the event that any individual not listed in Exhibit A contacts Plaintiff's Counsel or Defense Counsel to inquire about membership in the Class, counsel shall notify counsel for the other Parties within two (2) days of receipt of such an inquiry.

b.   Upon receipt of such notification from the Settlement Administrator or another party, the Parties shall jointly investigate the individual's possible membership in the Class, using VDOC records, and determine whether the individual is a Class Member and if so, for how many days of over-detention they are entitled to compensation.

c.  Within seven (7) days, the Parties shall notify the Settlement Administrator of their joint decision regarding the individual's membership in the Class and/or their entitlement to compensation under this Agreement.

d.  The Settlement Administrator shall then, within two (2) days of receipt of the Parties' decision, notify the individual of the decision.

e.  Any disputes between the Parties regarding an individual's membership in the Class shall be resolved in accordance with the Dispute Resolution Procedures in Section VIII of this Agreement.

23.    The Settlement Administrator shall submit reports of its activities to all Parties upon request by Plaintiff's Counsel or Defense Counsel. Upon the request of Plaintiff's Counsel or Defense Counsel, the Settlement Administrator shall provide copies of any correspondence sent to or received from Class Members, the Settlement Administrator's records regarding this matter (including billing records), and any and all other documents or information related to the settlement administration procedure.

## VIII. DISPUTE RESOLUTION PROCEDURES

24.    The Parties recognize that questions may arise as to whether the Parties are fulfilling their obligations as set forth herein. In the spirit of common purpose and cooperation that occasioned this Settlement Agreement, the Parties agree to the following:

25.    If differences arise between any of the Parties with respect to the Parties' compliance with, interpretation of, or implementation of the terms of this Settlement Agreement, good faith efforts shall be made by the Parties to resolve such differences promptly in accordance with the following Dispute Resolution Procedure.

26.     If one party believes an issue must be resolved, it shall promptly notify the other Parties in writing of the issue and the facts and circumstances relied upon in asserting its position. The Parties notified of the issue shall be given a reasonable period (not to exceed seven (7) days) to review the facts and circumstances and to provide the party raising the issue with their written position including the facts and circumstances upon which they rely in asserting their position. Within a reasonable period of time thereafter (not to exceed seven (7) days), the Parties shall meet, by telephone or in person, and attempt in good faith to resolve the issue informally. If the Parties do not resolve the dispute during the meeting, either party may then petition the Court for relief.

27.     Nothing in this Section shall prevent any party from promptly bringing an issue before the Court when the facts and circumstances require immediate court action. The moving party's papers shall explain the facts and circumstances that necessitate court action and the reasons why the moving party did not attempt to resolve the dispute in good faith informally prior to bringing the issue before the Court. If any party brings a matter before the Court requiring court action, the opposing party shall be provided with appropriate notice under the Local Rules of the United States District Court for the Eastern District of Virginia and the Federal Rules of Civil Procedure.

## IX. SCOPE AND EFFECT OF SETTLEMENT

28.     Upon the Effective Date of Settlement, all Class Members other than those who have opted out of the Settlement Class shall be deemed to have fully, finally and forever, released, acquitted and discharged Defendants and each of their predecessors, successors, employees, agents, attorneys, accountants, Insurers, co-Insurers, re-Insurers, and the assigns and heirs of each of them from any and all claims and causes of action challenging the fact of over-

detention on behalf of any Class Member arising in whole or part from the facts asserted in the Complaint, and including all such claims any Class Members have raised or might have raised now or in the future, from the beginning of time to the Effective Date of Settlement. Moreover, all Class Members other than those who have opted out will not have their calculated period of over-detention applied against any current or future active period of incarceration on a probation violation stemming from their underlying inchoate robbery or carjacking offense. Class members who elect to receive monetary damages waive the right to have any portion of their prior period of incarceration applied to reduce an active sentence on any subsequent probation violation.

29.     Upon the Effective Date of Settlement, Plaintiff and all Class Members who do not opt out, and their attorneys, shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits and causes of action, whether class, individual or otherwise in nature, that the Defendants ever had, now have, or hereafter can, shall, or may have on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries or damages, and the consequences thereof, in any way arising in whole or in part out of, or resulting from the facts alleged in the Complaint or their prosecution of the above-referenced action, and including all such claims Defendants have raised or might have raised now or in the future, from the beginning of time to Effective Date of Settlement.

30.     The releases set forth in this Section shall not encompass or be deemed to impair any claims that may arise out of the implementation of this Settlement Agreement.

31.     The provisions of this Settlement Agreement are not intended to eliminate or terminate any rights otherwise available to Plaintiff or Class Members for acts by Defendants occurring after the Effective Date of Settlement, nor are intended to eliminate or terminate any

rights otherwise available to Defendants for acts by Plaintiff or Class Members occurring after the Effective Date of Settlement.

## X. GENERAL PROVISIONS

32.    The Effective Date of Settlement shall be the date when all of the following shall have occurred:

a.   entry by the Court of the Order for Notice and Hearing in all material respects in the form attached hereto as **Exhibit D**;

b.   approval pursuant to Virginia Code § 2.2-514;

c.   final approval by the Court of the Settlement Agreement and Settlement, following Notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

d.   entry by the Court of an Order and Final Judgment, in all material respects in the form set forth in **Exhibit C** attached hereto, and the expiration of any time for appeal or review of such Order and Final Judgment, or, if any appeal is filed and not dismissed, after such Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by writ of certiorari, or, in the event that the Court enters an order and final judgment in the form other than that provided above ("Alternative Judgment") and none of the Parties hereto elect to terminate the Settlement Agreement and Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review.

33.    On the date that the Parties have executed this Settlement Agreement, the Parties shall be bound by its terms, and this Settlement Agreement shall not be rescinded except in accordance with paragraph 36.

34.    After the Court has preliminarily approved this Settlement Agreement and before the Court issues an Order and Final Judgment approving this Settlement Agreement, Defense Counsel shall submit the Agreement for approval pursuant to Virginia Code § 2.2-514.

35.    In no event shall Plaintiff, Defendants, or their counsel have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration, except as expressly otherwise provided in this Settlement Agreement.

36.    If the Court does not approve this Settlement Agreement or any part thereof, or if such approval is materially modified or set aside on appeal, or if the Court does not enter the Order and Final Judgment as provided in this Settlement Agreement, or if the Court enters the Order and Final Judgment and appellate review is sought, and following appellate review, such Order and Final Judgment is not ultimately affirmed upon exhaustion of the judicial process, or if the necessary State officials do not approve this Agreement pursuant to Virginia Code § 2.2-514, then Defendants and Plaintiff shall each, in their sole discretion, have the option to rescind this Settlement Agreement in its entirety, and any and all parts of the Settlement Funds shall be returned forthwith to Defendants, except that Defendants shall pay to the Settlement Administrator any already-accrued Settlement Administration Costs. A modification of the proposed order with regard to its provisions for attorneys' fees or service payments, or a modification or reversal on appeal of any amount of Plaintiff's Counsel's fees and expenses awarded by the Court from the Settlement Fund shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or such Order and Final Judgment.

37.     Defendants and Plaintiff expressly reserve all of their rights if the Settlement Agreement does not become finally approved or if it is rescinded by the Plaintiff or Defendants under paragraph 36. Further, and in any event, Plaintiff and Defendants agree that this Settlement Agreement, whether or not it is finally approved by the Court and whether or not Plaintiff or Defendants elect to rescind it, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, rule, regulation or law, or of any liability or wrongdoing by Defendants, or of the truth of any of the claims or allegations in this Civil Action, or as a concession by the Plaintiff of any infirmity or weakness in his claims against Defendants, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Civil Action or in any other action or proceeding.

38.     The United States District Court for the Eastern District of Virginia, through the Judge assigned to the Civil Action, shall retain exclusive jurisdiction over the implementation, enforcement, and performance of this Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement that cannot be resolved by negotiation and agreement by Plaintiff, any Class Member, and Defendants. This Settlement Agreement shall be governed by and interpreted according to the substantive laws of the State of Virginia without regard to its choice of law or conflict of laws principles.

39.     Defendants agree to cooperate with Plaintiff by providing to the Settlement Administrator documents and electronic information required to facilitate Notice to the Class, eligibility determinations, and allocation and distribution of the fund to Class Members. In addition to the Class Intake List, Defendants agree to conduct a reasonable search for documents

and information in Defendants' possession, custody, or control that the Settlement Administrator believes are necessary to effect this Agreement.

40.     This Settlement Agreement constitutes the entire agreement among Plaintiff and Defendants pertaining to the Settlement of the Civil Action and supersedes any and all prior and contemporaneous undertakings of Plaintiff and Defendants in connection therewith. This Settlement Agreement may be modified or amended only by a writing executed by Plaintiff and Defendants and approved by the Court.

41.     This Settlement Agreement may be executed in counterparts by Plaintiff and Defendants.

42.     Neither Defendants nor Plaintiff shall be considered the drafter of this Settlement Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Settlement Agreement.

43.     Nothing expressed or implied in this Settlement Agreement is intended to or shall be construed to confer upon or give any person or entity other than Plaintiff, Class Members, Defendants, and those giving or receiving releases, any right or remedy under or by reason of this Settlement Agreement.

44.     This Settlement Agreement and its exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, and correspondence, shall be considered a compromise within the meaning of Federal Rule of Evidence 408, and any equivalent rule of evidence or procedure of any state, including the State of Virginia, and, except as permitted in paragraph 45, shall not (i) constitute, be construed, be offered, or received into evidence as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Class

Action, or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any party hereto, or as a concession by the Plaintiff of any infirmity or weakness in their claims against Defendant; or (ii) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

45.     This Settlement Agreement, and any orders, pleadings or other documents entered in furtherance of the Settlement, may be offered or received in evidence solely (i) to enforce the terms and provisions hereof or thereof, or (ii) to obtain Court approval of the Settlement.

46.     The undersigned counsel represent that they are authorized to enter into this Settlement Agreement on behalf of the Parties they represent, and, on behalf of themselves and the Parties they represent, hereby agree to use their best efforts to obtain all approvals necessary and to do all other things necessary or helpful to effectuate the implementation of this Settlement Agreement according to its terms, including the exchange of documents and materials needed for the purpose of providing the Notice and conducting any hearing, and to satisfy the material conditions of this Settlement Agreement.

47.     Time periods set forth in days herein shall be computed in accordance with Federal Rule of Civil Procedure 6.

48.     Deadlines set forth herein may be modified by order of the Court.

49.     The date of submission of any document submitted in connection with this Agreement shall be determined as follows:

      a.  Mail: Considered submitted on the postmark date.

      b.  Overnight Delivery: Considered submitted on the date delivered to the carrier.

      c.  Facsimile: Considered submitted on the transmission date at the local time of the submitting party.

d.   Email: Considered submitted on the date emailed at the local time of the submitting party.

e.   Text: Considered submitted on the date texted at the local time of the submitting party.

f.   Other Delivery or any situation where the governing date applicable to a category above cannot be determined: Considered submitted on the date of receipt.

The date of submission of documents submitted to Plaintiff's Counsel, Defense Counsel, Defendants, or the Court rather than to the Settlement Administrator shall be determined under the same criteria; to the extent subparagraph (f) applies in such circumstance, receipt by such party shall control.

## XI. NOTICE UNDER THE CLASS ACTION FAIRNESS ACT

50.    The Class Action Fairness Act of 2005 ("CAFA") requires Defendants to inform certain federal and state officials about this Settlement. *See* 28 U.S.C. § 1715.

51.    Under the provisions of CAFA, Defendants will serve notice on the appropriate officials within ten (10) days after the Parties file the Settlement Agreement with the Court. *See* 28 U.S.C. 1715(b).

The Parties consent to this Settlement Agreement as indicated by the signatures of counsel below:

For Plaintiff Leslie Puryear, individually and on behalf of all others similarly situated:

Rebecca Livengood
RELMAN COLFAX PLLC
1225 19th Street, NW
Suite 600
Washington, D.C. 20036
202-728-1888
Fax: 202-728-0848
rlivengood@relmanlaw.com

*Attorney for Plaintiff*

Date: 01|28|2025

For Defendants Chadwick Dotson and Harold Clarke:

Margaret O'Shea
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, VA 23219
804-225-2206
Fax: 804-786-2206
moshea@oag.state.va.gov

*Attorney for Defendants*

Date: 01|28|2025

28

# EXHIBIT A

| Name | Release Date with Expanded Credits | Actual Release Date | Days of Overdetention |
|---|---|---|---|
| Clanton, Kenneth A | *(7/14/2020)*<br>9/1/2022 | 11/16/2023 | 441 |
| Fulton, Michael P | *(6/12/2021)*<br>9/1/2022 | 11/16/2023 | 441 |
| Wiggins, Leon D | *(5/9/2022)*<br>9/1/2022 | 11/16/2023 | 441 |
| Duvall, Devin B | *(8/22/2022)*<br>9/1/2022 | 11/15/2023 | 440 |
| Miller, Zanell L | *(11/23/2021)*<br>9/1/2022 | 11/15/2023 | 440 |
| Puryear, Leslie L | *(3/9/2022)*<br>9/1/2022 | 11/9/2023 | 434 |
| Kebe, George | 10/11/2022 | 11/16/2023 | 401 |
| Spencer, Mitchell | *(4/14/2022)*<br>9/1/2022 | 9/12/2023 | 376 |
| Williams, Joshua J | *(8/14/2022)*<br>9/1/2022 | 8/28/2023 | 361 |
| Hazley, Treyondle M | 1/30/2023 | 11/14/2023 | 288 |
| Hargrave, John L | *(8/18/2022)*<br>9/1/2022 | 5/22/2023 | 263 |
| Pitts, Christopher J | 2/28/2023 | 11/16/2023 | 261 |

| Name | Release Date with Expanded Credits | Actual Release Date | Days of Overdetention |
|---|---|---|---|
| Osborne, Donald L | 3/2/2023 | 11/16/2023 | 259 |
| Usanga, Imo | 3/5/2023 | 11/15/2023 | 255 |
| Johnson, Divionne | 3/16/2023 | 11/15/2023 | 244 |
| Little, Tevin R | 3/16/2023 | 11/14/2023 | 243 |
| Breeden, Mark E | 4/2/2023 | 11/15/2023 | 227 |
| Cubbage, Danny R | 4/20/2023 | 11/16/2023 | 210 |
| Stukes, Dennis A | 4/27/2023 | 11/16/2023 | 203 |
| Campbell, Olajuwan J | 5/14/2023 | 11/15/2023 | 185 |
| Jenkins, Paul A | 5/16/2023 | 11/16/2023 | 184 |
| Kirven, Antonio A | 5/24/2023 | 11/15/2023 | 175 |
| Pugh, Houston L | *(6/29/2022)* 9/1/2022 | 2/23/2023 | 175 |
| Barrrow, Thomas J | 5/26/2023 | 11/13/2023 | 171 |

| Name | Release Date with Expanded Credits | Actual Release Date | Days of Overdetention |
|---|---|---|---|
| Williams, Joe C | *(1/7/2022)* 9/1/2022 | 2/6/2023 | 158 |
| Johnson Zambrano, Darius G | 11/15/2022 | 4/21/2023 | 157 |
| Everard, Cory | 11/8/2022 | 4/14/2023 | 157 |
| Thomas, Jesus C | 6/11/2023 | 11/14/2023 | 156 |
| Lee, Jaloni | 12/24/2022 | 5/22/2023 | 149 |
| Wilson, Demetrius W | *(8/2/2022)* 9/1/2022 | 1/26/2023 | 147 |
| Jerman, Jerel R | 6/30/2023 | 11/15/2023 | 138 |
| Scroggins, Jerome V | 10/22/2022 | 3/6/2023 | 135 |
| Dass, Aaaron J | *(8/18/2022)* 9/1/2022 | 1/3/2023 | 124 |
| Moore, Ahamad | 1/27/2023 | 5/22/2023 | 115 |
| Smith, Zachary D | *(8/4/2022)* 9/1/2022 | 12/12/2022 | 102 |
| Burks, Karington D | *(6/23/2022)* 9/1/2022 | 12/8/2022 | 98 |

| Name | Release Date with Expanded Credits | Actual Release Date | Days of Overdetention |
|---|---|---|---|
| Boone, Khalil R | 9/1/2022 | 11/28/2022 | 88 |
| Mizelle, Deante | 4/11/2023 | 7/5/2023 | 85 |
| Banks, Shawn | 8/23/2023 | 11/15/2023 | 84 |
| Ellington, Jason M** | 9/1/2022 | 11/22/2022 | 82 |
| Gauzza, Jedidiah | 1/11/2023 | 4/3/2023 | 82 |
| Jones, Rashaad A | *(6/10/2022)* 9/1/2022 | 11/17/2022 | 77 |
| Jones, Raphah W | 9/6/2023 | 11/16/2023 | 71 |
| Goff, Cameron A | *(11/8/2021)* 9/1/2022 | 11/2/2022 | 62 |
| Williams, Christopher C | 9/5/2023 | 11/6/2023 | 62 |
| Jovel, Jorge A* | 9/21/2023 | 11/16/2023 | 56 |
| Ratliff, Megan L | 10/5/2023 | 11/14/2023 | 40 |
| Moore, Christian A | 10/10/2023 | 11/15/2023 | 36 |

| Name | Release Date with Expanded Credits | Actual Release Date | Days of Overdetention |
|---|---|---|---|
| Marshall, Toi | 10/2/2022 | 11/3/2022 | 32 |
| Gibson, Jonathan T | *(6/23/2022)* 9/1/2022 | 9/23/2022 | 22 |
| Roberson, Tracy J | *(6/15/2022)* 9/1/2022 | 9/8/2022 | 7 |
| Peterson, Shedrick W | 11/11/2023 | 11/14/2023 | 3 |
| Turner, Alexander N | 11/12/2023 | 11/15/2023 | 3 |

  * Released to the federal authorities on a detainer for deportation
** The Parties are aware that Mr. Ellington recently reached a separate settlement with Defendants regarding his over-detention, and as such will not participate in any class-wide resolution.

# EXHIBIT B



United States District Court for the Eastern District of Virginia

*Leslie Puryear et al. v. Chadwick Dotson & Harold Clarke*

Case No. 3:24-cv-00479-REP

# Class Action Notice

## *Authorized by the U.S. District Court*

| | | |
|---|---|---|
| **There is a class action lawsuit against the Virginia Department of Corrections for denying earned sentence credits and over-incarcerating people serving sentences for inchoate offenses related to robbery and carjacking.** | **There is a settlement of this lawsuit.** <br><br> **You are entitled to a portion of this money.** | **If you want to be part of this settlement, you do not need to do anything.** <br><br> **If you want to opt-out of the settlement, do so by March 31, 2025.** |

- **Based on VDOC records, you were over-detained for <<###>> days and are entitled to approximately $<<###>> in compensation.**

- You should read this notice in full.

- If you take no action, you will receive a check for the settlement amount in the mail at this address. If you would prefer to receive a payment by PayPal or Venmo, return the Election Form that is the last page of this packet.

- If you take no action, you will be bound by the settlement, and your rights will be affected.

# Table of Contents

**Table of Contents**........................................................................................................ **2**

**About This Notice** ........................................................................................................ **3**

    Why did I get this notice?........................................................................................ 3

    What do I do next?.................................................................................................. 3

    What are the most important dates? ........................................................................ 4

**Learning About the Lawsuit**........................................................................................ **4**

    What is this lawsuit about? ...................................................................................... 4

    Why is there a settlement in this lawsuit? ................................................................. 4

    What happens next in this lawsuit?........................................................................... 4

**Learning About the Settlement** .................................................................................. **5**

    What does the settlement provide? ......................................................................... 5

    How much will my payment be?............................................................................... 6

    If I receive a payment, will I get credit for my over-detention in any future sentence?....... 6

**Deciding What to Do**................................................................................................... **6**

    How do I weigh my options?.................................................................................... 6

    What is the best path for me?................................................................................... 7

**Getting Paid** ............................................................................................................... **7**

    How do I get a payment if I am a class member? ...................................................... 7

    What if I prefer to receive my payment via PayPal or Venmo?.................................... 8

    What if I believe I am entitled to more money? ....................................................... 8

    Do I have a lawyer in this lawsuit?........................................................................... 8

    Do I have to pay the lawyers in this lawsuit?............................................................. 8

**Opting Out**................................................................................................................. **9**

    What if I don't want to be part of this settlement? .................................................... 9

    How do I opt out?.................................................................................................... 9

**Objecting**.................................................................................................................. **10**

    What if I disagree with the settlement? .................................................................. 10

**Key Resources** .......................................................................................................... **11**

    How do I get more information? ............................................................................. 11

**ELECTION FORM** ....................................................................................................... **12**

# About This Notice

## Why did I get this notice?

This notice is to tell you about the settlement of a class action lawsuit, *Puryear v. Dotson,* brought on behalf of people who were serving sentences in the Virginia Department of Corrections (VDOC) for inchoate offenses[1] associated with robbery or carjacking and were denied expanded earned sentence credits between July 2022 and November 2023. The lawsuit claims that these individuals were entitled to credits, and that by denying them, VDOC kept people in prison for longer than it should have. **You received this notice because VDOC records indicate that you are a member of the group of people affected, called the "class."** This notice gives you a summary of the terms of the proposed settlement agreement, explains what rights class members have, and helps class members make informed decisions about what action to take.

## What do I do next?

Read this notice in full. Then, decide if you want to:

| | |
|---|---|
| **Do Nothing** | Get a payment via check in the mail after the settlement is finally approved. You will be bound by the settlement. |
| **Challenge Your Payment Amount** | Page 1 of this Notice states the number of days that you were over-detained according to VDOC records and the approximate amount of compensation that you will receive. If you believe that the number of days is incorrect, you should contact the Settlement Administrator. You will be bound by the settlement. |
| **Change Your Payment Method** | If you prefer to receive your payment via PayPal or Venmo, fill out and return the Election Form on the last page of this packet. You will be bound by the settlement. |
| **Opt Out** | Get no payment. Allows you to bring another lawsuit against VDOC about the same issues. |
| **Object** | Tell the Court why you don't like the settlement. |

---

[1] Inchoate offenses are attempts, conspiracies, or solicitations to commit an offense. Your records reflect that you were serving a sentence in VDOC custody for attempted robbery, attempted carjacking, conspiracy to commit robbery, conspiracy to commit carjacking, solicitation to commit robbery, and/or solicitation to commit carjacking.

3

## What are the most important dates?

Your deadline to opt out: **March 31, 2025**
Your deadline to object: **April 14, 2025**
Settlement approval hearing: **May 19, 2025 at 10:00 AM**

# Learning About the Lawsuit

## What is this lawsuit about?

This lawsuit was filed in June 2024. It alleges that, between July 2022 and November 2023, VDOC wrongfully denied enhanced earned sentence credits to people serving sentences for inchoate offenses associated with robbery or carjacking and thus incarcerated these people for longer than it should have.

VDOC denies that it did anything wrong but has agreed to settle the lawsuit on a class-wide basis.

## Why is there a settlement in this lawsuit?

In November 2024, the parties agreed to settle, which means they have reached an agreement to resolve the lawsuit. Both sides want to avoid the risk and expense of further litigation.

The settlement is on behalf of Plaintiff Leslie Puryear, who brought the case, and all members of the settlement class. The Court has not decided in favor of either side.

**What is a class action settlement?**
A class action settlement is an agreement between the parties to resolve and end the case. Settlements can provide money to class members who were harmed.

## What happens next in this lawsuit?

The Court will hold a Fairness hearing to decide whether to approve the settlement. The hearing will be held at:

**Where:** Spottswood W. Robinson III and Robert R. Merhige, Jr. Federal Courthouse, 701 East Broad Street, Richmond, VA 23219.

4

**When: May 19, 2025 at 10:00 AM**.
*This date may change without further notice to the class. Contact the Clerk's Office at (804) 916-2220 to confirm the hearing date and time.*

The Court has directed the parties to send you this notice about the proposed settlement. Because the settlement of a class action decides the rights of all members of the proposed class, the Court must give final approval to the settlement before it can take effect. Payments will be made only if the Court approves the settlement.

You don't have to attend the hearing, but you may do so at your own expense. You may also ask the Court for permission to speak about the settlement at the hearing. If the Court does not approve the settlement, it will be void and the lawsuit will continue.

## Learning About the Settlement

### What does the settlement provide?

VDOC has agreed to pay up to $1,139,694 into a settlement fund. Class members will receive approximately $118 for every day that they were over-detained. Page 1 of this Notice lists your projected payment.

Members of the settlement class will "release" their claims as part of the settlement, which means they cannot sue VDOC for the issues that were raised in this lawsuit.[2]

If there is money left over after the claims process is completed, it will be donated to a charitable organization.

---

[2] Specifically, the release provides that "all Class Members other than those who have opted out of the Settlement Class shall be deemed to have fully, finally and forever, released, acquitted and discharged Defendants and each of their predecessors, successors, employees, agents, attorneys, accountants, Insurers, co-Insurers, re-Insurers, and the assigns and heirs of each of them from any and all claims and causes of action challenging the fact of over-detention on behalf of any Class Member arising in whole or part from the facts asserted in the Complaint, and including all such claims any Class Members have raised or might have raised now or in the future, from the beginning of time to the Effective Date of Settlement. Moreover, all Class Members other than those who have opted out will not have their calculated period of over-detention applied against any current or future active period of incarceration on a probation violation stemming from their underlying inchoate robbery or carjacking offense. Class members who elect to receive monetary damages waive the right to have any portion of their prior period of incarceration applied to reduce an active sentence on any subsequent probation violation."

5

## How much will my payment be?

Your payment amount is based on the number of days that you were over-detained. Page 1 of this Notice states the number of days that you were over-detained according to VDOC records and the compensation that you are entitled to based on that number of days. **If you think the number of days of over-detention is wrong, contact the Settlement Administrator.** If you do not contact the Administrator or opt out, you will receive a payment in this amount and be bound by the terms of this settlement.

## If I receive a payment, will I get credit for my over-detention in any future sentence?

If you were to receive an active sentence on a probation violation related to the crimes that you were serving time for during your over-detention, those extra days would be applied as jail credit to reduce the time you spend in custody on that future probation violation. **However, if you receive a payment from this settlement, you are no longer entitled to this credit.** If you would rather be able to receive jail credit against a possible future sentence than receive money, you should opt out of this settlement.

## Deciding What to Do

## How do I weigh my options?

You have five options. This chart shows the effects of each option:

| | Do Nothing | Challenge Payment Amount | Change Payment Method | Object | Opt Out |
|---|---|---|---|---|---|
| **Can I receive a settlement payment if I . . .** | YES | YES | YES | YES | NO |
| **Am I bound by the terms of this lawsuit if I . . .** | YES | YES | YES | YES | NO |
| **Can I bring my own case if I . . .** | NO | NO | NO | NO | YES |
| **Will the class lawyers represent me in this case if I . . .** | YES | YES | YES | NO | NO |
| **Can I receive credit against a future probation violation sentence for the time I was over-detained if I . . .** | NO | NO | NO | NO | YES |

6

## What is the best path for me?



## Getting Paid

### How do I get a payment if I am a class member?

You do not need to do anything to get paid.

**If you do nothing, you will receive a check in the mail at the same address where you received this Notice**. The check will be sent after this settlement is finally approved by the Court, likely in mid-2025. Consult page 1 of this Notice for the amount of your check.

7

## What if I prefer to receive my payment via PayPal or Venmo?

If you prefer to receive your payment via PayPal or Venmo, fill out the Election Form on the last page of this Notice and return it to the Settlement Administrator in the pre-paid envelope. **You do not need to return the Election Form if you want to receive a payment by check. You will receive payment by check as a default.**

## What if I believe I am entitled to more money?

If you disagree with the number of days of over-detention for which you are being compensated (consult page 1 of this Notice), contact the Settlement Administrator. Their contact information is on the last page of this notice. They will consult with the parties and get back to you with a final calculation. If you disagree with their final calculation, you may object or opt out.

## Do I have a lawyer in this lawsuit?

In a class action, the court appoints class representatives and lawyers to work on the case and represent the interests of all the class members. For this settlement, the Court has appointed the following individuals and lawyers.

**Your lawyers:** Rebecca Livengood, Michael Allen, Ellora Israni, and Emahunn Campbell; Relman Colfax PLLC. These are the lawyers who negotiated this settlement on your behalf.

If you want to be represented by your own lawyer, you may hire one at your own expense.

## Do I have to pay the lawyers in this lawsuit?

Lawyers' fees and costs will be paid from the Settlement Fund. **You will not have to pay the lawyers directly.**

To date, your lawyers have not been paid any money for their work or the expenses that they have paid for the case. To pay for some of their time and risk in bringing this case without any guarantee of payment unless they

8

were successful, your lawyers will request, as part of the final approval of this Settlement, that the Court approve a payment of up to $400,000 total in attorneys' fees and costs. This money will not come out of the fund for the class.

Lawyers' fees and expenses will only be awarded if approved by the Court as a fair and reasonable amount.  You have the right to object to the lawyers' fees even if you think the settlement terms are fair.

Your lawyers will also ask the Court to approve a payment of up to $40,000 to Mr. Puryear for the time and effort he contributed to the case. If the Court approves anything less than $40,000, the balance will be redistributed among all of the class members.

Finally, your lawyers will also ask the Court to approve a payment of up to $20,000 to the Settlement Administrator for administering the settlement. This money will not come out of the fund for the class.

## Opting Out

### What if I don't want to be part of this settlement?

You can opt out. If you do, you will not receive payment and cannot object to the settlement. However, you will not be bound or affected by anything that happens in this lawsuit and may be able to file your own case. You may also receive jail credit if you were to be sentenced to active time on a probation violation related to the crimes for which you were in custody at the time you were over-detained.

Unless you opt out, you will be bound by the settlement and its "release" provisions. That means you won't be able to start, continue, or be part of any other lawsuit against VDOC about the issues in this case. A full description of the claims and persons who will be released if this settlement is approved is listed in footnote 1, above.

### How do I opt out?

To opt out of the settlement, you must send a letter to the Settlement Administrator that:

9

(1) is postmarked by March 31, 2025;
(2) includes the case name and number (*Puryear v. Dotson*, No. 3:24-cv-00479);
(3) includes your full name, address and telephone number, and email address;
(4) states that you want to opt out of the settlement; and
(5) is signed.

> Puryear v. Dotson Settlement Administrator
> c/o Settlement Services, Inc.
> P.O. Box 2715
> Portland, OR 97208

## Objecting

### What if I disagree with the settlement?

If you disagree with any part of the settlement (including the lawyers' fees) but don't want to opt out, you may object. You must give reasons why you think the Court should not approve it and say whether your objection applies to just you, a part of the class, or the entire class. The Court will consider your views. The Court can only approve or deny the settlement — it cannot change the terms of the settlement. You may, but don't need to, hire your own lawyer to help you.

To object, you must send a letter to the Settlement Administrator and Court that:

(1) is postmarked by April 14, 2025;
(2) includes the case name and number (*Puryear v. Dotson*, No. 3:24-cv-00479);
(3) includes your full name, address and telephone number, and email address;
(4) states the reasons for your objection;
(5) says whether you or your lawyer intend to appear at the fairness hearing and your lawyer's name; and
(6) is signed.

Mail the letter to:

10

| | |
|---|---|
| Puryear v. Dotson Settlement Administrator c/o Settlement Services, Inc. P.O. Box 2715 Portland, OR 97208 | United States District Court Eastern District of Virginia 701 East Broad Street Richmond, VA 23219 |

## Key Resources

### How do I get more information?

This notice is a summary of the proposed settlement. To get a copy of the settlement agreement or get answers to your questions:

- contact the Settlement Administrator or Your Lawyers (information below)

- access the Court Electronic Records (PACER) system online or by visiting the Clerk's office at the Court (address below).

| Resource | Contact Information |
|---|---|
| **Settlement Administrator** | Puryear v. Dotson Settlement Administrator c/o Settlement Services, Inc. P.O. Box 2715 Portland, OR 97208 [case phone number TBD] claims@ssiclaims.com |
| **Your Lawyers** | Relman Colfax PLLC ATTN: Puryear Team 1225 19th St. NW, Suite 600 Washington, D.C. 20036 (202) 728-1888 puryearteam@relmanlaw.com |
| **Court (DO NOT CONTACT)** | U.S. District Court Eastern District of Virginia 701 East Broad Street Richmond, VA 23219 |

11

# ELECTION FORM

**If you want to receive payment by PayPal or Venmo, fill out and return this form.**

\* PLEASE RETAIN A COPY OF THIS FORM, ALONG WITH ANY
INFORMATION THAT WOULD DEMONSTRATE THE TIME AND
MANNER IN WHICH IT WAS SUBMITTED

---

«FirstName» «LastName»        MailID: «MailID»
«Address» «Address 2»
«City», «State»  «Zip»
«Country»

Name/Address Changes:

_____

_____

_____

Your estimated settlement payment is <<AWARD>>

Please sign, date, and return this Election Form to the Settlement Administrator by postal mail, email (claims@ssiclaims.com), or fax, if you wish to receive your share of the Settlement Fund via PayPal or Venmo. You are not required to complete this form to receive a payment.  If you do not complete this form, you will receive your share of the Settlement Fund in the form of a check sent to your last known mailing address on file, as listed above.

Puryear v. Dotson Settlement Administrator
c/o SSI, an Epiq Company
P.O. Box 2715
Portland, OR 97208
Email: claims@ssiclaims.com
Phone: (8XX) XXX-XXXX
Fax: (850) 385-6008

Check one box below:

| | |
|---|---|
| [  ] | I would like to receive my Settlement Benefit via PayPal. *Please note that payments above $10,000 cannot be sent via PayPal. If you choose this option and your payment is greater than $10,000, you will still receive a check.*<br>PayPal Username: _____ |
| [  ] | I would like to receive my Settlement Benefit via Venmo. *Please note that payments above $3,000 cannot be sent via Venmo. If you choose this option and your payment is greater than $3,000, you will still receive a check.*<br>Venmo Username: _____    Last 4 digits of phone number:_____ |

**Signature:** _____    **Date:**_____

**Print Name:** _____

You must keep a current address on file with the Settlement Administrator and Class Counsel, along with a valid phone number and email address if you have them for updates.

Mailing Address:

_____

Phone number: _____    Email address: _____

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| LESLIE PURYEAR, *on behalf of himself and all those similarly situated*, | |
| Plaintiff, | |
| v. | Civil Action No. 3:24-cv-00479-REP |
| CHARWICK DOTSON, *in his individual capacity*, | |
| HAROLD CLARKE, *in his individual capacity*, | |
| Defendants. | |

### [PROPOSED] ORDER GRANTING APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND CERTIFICATION OF CLASS

WHEREAS, the Court entered an Order preliminarily approving the Settlement and Settlement Agreement on _____, and held a Fairness Hearing on _____; and the Court has heard and considered all submissions in connection with the proposed Settlement and the files and records herein, including the objections submitted, as well as arguments of counsel;

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1.      All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of the Civil Action, the Plaintiff, the Class, and Defendants.

3.      The Court finds that, for purposes of the Settlement, the requirements for a class action under Federal Rule of Civil Procedure 23 have been satisfied in that (a) the Class is ascertainable; (b) its members are too numerous to be joined practicably; (c) there are questions of law and fact common to the Class; (d) Plaintiff's claims are typical of the claims of the Class as a whole; (e) Plaintiff will fairly and adequately protect the interests of the Class; (f) neither Plaintiff nor Plaintiff's Counsel have interests adverse to the Class, and Plaintiff's Counsel are competent and experienced; and (g) common questions of law and fact predominate over questions affecting only individual members of the Class and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4.      For purposes of resolution of claims for monetary relief, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court finally certifies the Civil Action, for purposes of the Settlement, as a class action on behalf of the following Class: all individuals in the custody of the Virginia Department of Corrections ("VDOC") as of July 1, 2022 serving sentences for an inchoate crime associated with robbery or carjacking; who were not awarded expanded earned sentence credits ("ESCs") on those inchoate offenses under Virginia Code § 53.1-202.3(B), as amended; who were released from VDOC custody on or before November 30, 2023; who would have been released earlier than they were had they been awarded the expanded earned sentence credits as of July 1, 2022; and who were denied expanded ESCs solely because of their inchoate robbery and/or carjacking offense.

5.      Plaintiff's Counsel and Plaintiff Leslie Puryear are hereby appointed to represent the Class. Relman Colfax PLLC is hereby appointed as Plaintiff's Counsel.

6.      Notice of the class action Settlement was given to all Class Members pursuant to the Court's Order Granting Preliminary Approval of Proposed Class Action Settlement,

2

Provisional Certification of Class, and Approval of Notice ("Order for Notice and Hearing"). The form and method by which notice was given met the requirements of due process, Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto.

7.      The Settlement is in all respects fair, reasonable, and adequate, and it is finally approved. The Parties are directed to consummate the Settlement according to the terms of the Settlement Agreement. The Settlement Agreement and every term thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of the Court.

8.      Upon the Effective Date, Plaintiff, the Class, and each Class Member shall, by operation of this Order and Final Judgment, fully, finally, and forever release, acquit, and discharge the Released Claims against the Released Persons pursuant to the Settlement Agreement. Plaintiff, the Class, and each Class Member are hereby permanently enjoined and barred from instituting, commencing, or prosecuting any Released Claim against a Released Person in any action or proceeding in any court or tribunal.

9.      The individuals identified on the list attached hereto **as Exhibit 1** have opted out of the Class and are not bound by the Settlement Agreement, Settlement, or Order and Final Judgment, and have not waived, relinquished, or released the right to assert any claims against Defendants.

10.     This Order and Final Judgment, the Settlement Agreement, and any and all communications between and among the Parties pursuant to or during the negotiation of the Settlement shall not constitute, be construed as, or be admissible in evidence as an admission of the validity of any claim or defense asserted or fact alleged in the Civil Action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of the Parties.

11.    Plaintiff's Counsel are awarded the sum of $400,000 in attorneys' fees and costs, to be paid by Defendants in accordance with the terms of the Settlement Agreement.

12.    Plaintiff Leslie Puryear is awarded $40,000 is awarded as a service payment, to be paid by Defendants in accordance with the terms of the Settlement Agreement.

13.     Within twenty-one (21) days after receipt of the Per Diem Total into the Escrow Account, the Per Diem Total shall be distributed pro rata to the Settlement Class based on the number of days that each individual was over-detained, *i.e.*, the number of days between when the individual would have been released had they been given retroactive expanded ESCs as of July 1, 2022, and when the class member was actually released. Should any Settlement Class member's payment be less than $1,000, the payment shall be revised upward to $1,000, and payments to other members of the Settlement Class shall be revised downward, so that the total amount distributed to members of the Settlement Class does not exceed the total value of the Escrow Account. The amount of payment tentatively due to each Class Member is outlined in **Exhibit __** to the Motion for Final Approval.

14.    If for any reason any portion of the Per Diem Total money remains in the Escrow Account one year after distribution of payments from the Escrow Account to the Settlement Class, all such remaining money shall be donated to a third-party non-profit organization mutually agreed upon by the Parties.

15.    Defendants are directed to pay these amounts within sixty (60) days after the Effective Date, as described in the Settlement Agreement.

16.    The Settlement Administrator shall not be responsible for any of the relief provided to the Settlement Class under this Settlement Agreement. For its actions relating to the

implementation of this Settlement Agreement, to the extent permitted by applicable law, the Settlement Administrator shall have the same immunity that judges have for their official acts.

17.     Pursuant to Rule 7 of the Federal Rules of Appellate Procedure, "in a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." In light of the Court's ruling regarding the adequacy of the relief afforded by the Settlement, the reaction of the Class and the number of Class Members, the Court orders that any appeal of this Order must be accompanied by a bond of $150,000.

18.     This Civil Action is hereby dismissed in its entirety with prejudice. Except as otherwise provided in this Order and Final Judgment or in the Settlement Agreement, the Parties shall bear their own costs and attorneys' fees. Without affecting the finality of this Order and the Judgment hereby entered, the Court retains exclusive jurisdiction over the Parties for all matters relating to the Civil Action and the Settlement, including the administration, interpretation, effectuation, or enforcement of the Settlement.

19.     Without further Order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.


Dated: _____          _____

                                                Hon. Robert E. Payne
                                                United States District Judge

**Order Granting Approval of Proposed Class Action Settlement and Certification of Class: Exhibit 1 (Opt-Out List)**

*To be completed after Notice and Opt-Out Period*

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

|  |  |
|---|---|
| LESLIE PURYEAR, *on behalf of himself and all those similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> CHADWICK DOTSON, *in his individual capacity*, <br><br> HAROLD CLARKE, *in his individual capacity*, <br><br> Defendants. | Civil Action No. 3:24-cv-00479-REP |

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, PROVISIONAL CERTIFICATION OF CLASS, AND APPROVAL OF NOTICE**

The Court having reviewed the proposed terms of the Settlement set forth in the executed Settlement Agreement, by and between Defendants Chadwick Dotson and Harold Clarke and Plaintiff Leslie Puryear, individually and on behalf of those similarly situated, in the above-styled Civil Action, together with all exhibits thereto, the record in the Civil Action, and the arguments of counsel;

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1.     The proposed terms of Settlement set forth in the Settlement Agreement are hereby preliminarily approved as being within the range of possible final approval as fair, reasonable, and adequate such that notice thereof should be given to members of the Class.

2.     For purposes of resolution of claims for monetary relief, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the following class (the "Settlement

1

Class") is provisionally certified for purposes of Settlement only: all individuals in the custody of the Virginia Department of Corrections ("VDOC") as of July 1, 2022 serving sentences for an inchoate crime associated with robbery or carjacking; who were not awarded expanded earned sentence credits ("ESCs") on those inchoate offenses under Virginia Code § 53.1-202.3(B), as amended; who were released from VDOC custody on or before November 30, 2023; who would have been released earlier than they were had they been awarded the expanded earned sentence credits as of July 1, 2022; and who were denied expanded ESCs solely because of their inchoate robbery and/or carjacking offense.

3.      On the current record, the Court preliminarily finds that: (a) the Class is ascertainable; (b) its members are too numerous to be joined practicably; (c) there are questions of law and fact common to the Class; (d) Plaintiff's claims are typical of the claims of the Class as a whole; (e) Plaintiff will fairly and adequately protect the interests of the Class; (f) neither Plaintiff nor Plaintiff's Counsel have interests adverse to the Class, and Plaintiff's Counsel are competent and experienced; and (g) common questions of law and fact predominate over questions affecting only individual members of the Class and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4.      This Court's preliminary certification of the Class and findings incident thereto shall be solely for settlement purposes. The preliminary certification of the Class shall be vacated and shall have no effect in the event that the Settlement Agreement is not finally approved by this Court or otherwise does not take effect. In the event the Court's approval of the Settlement Agreement, entry of the Order and Final Judgment, or certification of the Class is or are disapproved, reversed, vacated or terminated, neither the Settlement Agreement nor the findings in this Order shall affect the rights of the Parties to take action in support of or in opposition to

class certification or to prosecute or defend the Civil Action, or this Court's ability to grant or deny certification for litigation purposes. If this Order for Notice and Hearing is vacated, the Parties shall be restored to the *status quo ante* as of the date preceding the date of this Order.

5.      The Court finds that the method of providing notice to the Class proposed in the Settlement Agreement constitutes the best method for providing such notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members of their rights and obligations, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. The Notice, which is attached hereto as **Exhibit 1**, is hereby approved as to form. Pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, the Notice, to be distributed by first class mail, and email, states: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, and defenses; (iv) that a Class Member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; (v) the binding effect of a class judgment on members under Rule 23(c)(3); and (vi) that more information is available from the Settlement Administrator upon request. The Notice also describes the settlement administration process and informs the Class Members that the Settlement Agreement provides for the release of their Released Claims (as that term is defined in the Settlement Agreement) and the payment of Plaintiff's Counsels' attorneys' fees. *See* Fed. R. Civ. P. 23(h).

6.      Settlement Services, Inc. is approved as the Settlement Administrator for the proposed Settlement. Within sixty (60) days following the Effective Date, Defendants shall pay or cause to be paid $20,000 into the Escrow Account as compensation for the Settlement Administrator. These funds may be dispersed, as reasonably required and without further

approval of the Court, to pay Settlement Administration Costs incurred by the Settlement Administrator. Prior to withdrawing any funds from the Escrow Account as payment, the Settlement Administrator shall provide an invoice to both Parties detailing the Administrator's activities to-date and the amount to be billed. Upon receipt, the Parties shall have ten (10) days to object to the invoice. Any disputes regarding the invoice shall be resolved in accordance with the Dispute Resolution Procedures in Section VIII of the Settlement Agreement. If no Party has objected within ten (10) days of the issuance of the invoice, the Settlement Administrator may then pay itself the amount of the invoice from the Escrow Account. The Settlement Administrator has agreed that the Settlement Administration Costs will not exceed $20,000 total.

7.      Within five (5) days after the entry of this Order for Notice and Hearing, by February 3, 2025, Defendants shall prepare and deliver an Excel spreadsheet to the Settlement Administrator containing the names, Social Security Numbers, last known addresses, last known telephone numbers, last known email addresses, and dates of over-incarceration of all potential Class Members ("Class Intake List"). Defendants shall simultaneously provide a copy of the spreadsheet to Plaintiff's Counsel.

8.      Within twenty-one (21) calendar days after the entry of this Order for Notice and Hearing, by February 19, 2025, the Settlement Administrator shall cause to be sent, via first-class mail and email, the Notice substantially in the form of **Exhibit 1** using the most recent contact information of the individuals on the Class Intake List.

9.      No later than the date on which the Settlement Administrator first distributes the Notice, the Settlement Administrator shall maintain and staff with live persons a toll-free "800" line to receive calls from Class Members between the hours of 9:00 a.m. and 7:00 p.m. (Eastern Standard Time), Mondays through Fridays. At all other times, the line shall be answered by a

voicemail message recording device. These hours of telephone coverage shall be subject to revision and modification upon agreement of the Plaintiff and Defendants based on the recommendation of the Settlement Administrator. The live persons staffing the "800" line shall be trained to provide information consistent with the Notice, and the voicemail message shall use language agreed upon by Plaintiff and Defendants.

10.     For each Notice mailed to a person on the Class Intake List and returned as undeliverable, the Settlement Administrator shall notify Plaintiff's Counsel and Defense Counsel within two (2) days after receipt of any undeliverable Notice. All Counsel shall endeavor to obtain any likely current address(es) of the Class Member, including by obtaining updated contact information from the Class Member's probation/parole officer, and provide it to the Settlement Administrator within five (5) days thereafter. The Settlement Administrator shall simultaneously conduct address "tracing." Within two (2) days after receipt of additional address(es), the Settlement Administrator shall re-mail the Notice to any address(es) provided by the Parties and/or by tracing. Plaintiff's Counsel, Defense Counsel, and Settlement Administrator will take comparable steps with respect to email addresses determined not to be accurate.

11.     Plaintiff's Counsel and Plaintiff Leslie Puryear are hereby appointed to represent the Settlement Class. Relman Colfax PLLC is hereby appointed as Plaintiff's Counsel.

12.     On May 5, 2025, Plaintiff shall move the Court to enter an Order and Final Judgment and shall file a memorandum addressing any timely-filed written objections to the Settlement. On May 19, 2025, the Court will subsequently hold a hearing (the "Fairness Hearing") to consider and determine whether the requirements for certification of the Class have been met; whether the proposed Settlement of the Civil Action on the terms set forth in the Settlement Agreement should be approved as fair, reasonable, and adequate; whether Plaintiff's

Counsel's award of attorneys' fees and costs should be approved; whether Plaintiff's service payment should be approved; and whether the Order and Final Judgment approving the Settlement and dismissing the Civil Action on the merits and with prejudice against Class Members should be entered.

13.     The Fairness Hearing may, from time to time and without further notice to the Class (except those who have filed timely and valid objections), be continued or adjourned by Order of the Court.

14.     Class Members who wish to opt out of the proposed Settlement must do so in writing as specified by the procedure in the Notice. Requests to opt out of the proposed Settlement must be filed by the Settlement Administrator through Plaintiff's counsel by April 7, 2025. The Settlement Administrator shall determine whether a Class Member has timely satisfied the procedure set forth in the Notice. Within three (3) days of receipt of an opt-out, the Settlement Administrator shall serve copies on Plaintiff's Counsel and Defense Counsel, and file through Plaintiff's counsel a list of opt-outs with the Court.

15.     Any Class Member who exercises the right to opt out of the proposed Settlement shall have a right to rescind his or her opt-out by following the procedure specified in the Notice. Opt-out rescissions must be received by the Settlement Administrator within 90 days after the entry of the Order for Notice and Hearing. The Settlement Administrator shall determine whether a Class Member has timely satisfied the procedure set forth in the Notice.

16.     95 days after entry of the Order for Notice and Hearing, by May 5, 2025, the Settlement Administrator shall serve all requests to opt out of the proposed Settlement that have not been rescinded and an inventory listing the requests to opt out that have not been rescinded on Defense Counsel and Plaintiff's Counsel, who shall file the inventory with the Court. The

Settlement Administrator shall retain copies of all requests to opt out and rescissions in its files until such time as it is relieved of all duties and responsibilities under this Settlement Agreement.

17.     Class Members who wish to present objections to the proposed Settlement must do so in writing as specified by the procedure in the Notice. Written objections must be mailed and postmarked no later than April 14, 2025, and addressed to the United States District Court for the Eastern District of Virginia, 701 East Broad Street, Richmond, VA 23219 and to the Settlement Administrator. In the event that counsel for any Party receives a written objection, within five (5) days of receipt, the receiving counsel shall provide a copy to the Settlement Administrator and electronically file the written objection with the Court. Objections shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing only if the objector follows the requirements for objection set out in the Notice. Any Class Member who does not comply with these requirements will be deemed to have waived any objections and will be forever barred from making any objections to the proposed Settlement.

18.     It is not necessary for an objector to appear at the Fairness Hearing. However, if an objector wishes to appear and/or speak at the Fairness Hearing, they must indicate in their objection letter whether they intend to appear personally or through an attorney.

19.     The Settlement Administrator shall not be responsible for any of the relief provided to the Settlement Class under this Settlement Agreement. For its actions relating to the implementation of this Settlement Agreement, to the extent permitted by applicable law, the Settlement Administrator shall have the same immunity that judges have for their official acts.

20.     On May 5, 2025, Plaintiff shall move the Court to enter an Order and Final Judgment substantially in the form attached hereto as **Exhibit 2** and shall file a memorandum addressing any timely-filed written objections to the Settlement.

21.     Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.


Dated: _____        _____

                                                Hon. Robert E. Payne
                                                United States District Judge

# EXHIBIT D-1



United States District Court for the Eastern District of Virginia

*Leslie Puryear et al. v. Chadwick Dotson & Harold Clarke*

Case No. 3:24-cv-00479-REP

# Class Action Notice

## *Authorized by the U.S. District Court*

| | | |
|---|---|---|
| **There is a class action lawsuit against the Virginia Department of Corrections for denying earned sentence credits and over-incarcerating people serving sentences for inchoate offenses related to robbery and carjacking.** | **There is a settlement of this lawsuit.**<br><br>**You are entitled to a portion of this money.** | **If you want to be part of this settlement, you do not need to do anything.**<br><br>**If you want to opt-out of the settlement, do so by March 31, 2025.** |

- **Based on VDOC records, you were over-detained for <<###>> days and are entitled to approximately $<<###>> in compensation.**

- You should read this notice in full.

- If you take no action, you will receive a check for the settlement amount in the mail at this address. If you would prefer to receive a payment by PayPal or Venmo, return the Election Form that is the last page of this packet.

- If you take no action, you will be bound by the settlement, and your rights will be affected.

# Table of Contents

**Table of Contents**.................................................................................................................. **2**

**About This Notice** ............................................................................................................... **3**

    Why did I get this notice?................................................................................................. 3

    What do I do next?............................................................................................................ 3

    What are the most important dates? ................................................................................ 4

**Learning About the Lawsuit**............................................................................................... **4**

    What is this lawsuit about? ............................................................................................... 4

    Why is there a settlement in this lawsuit? ........................................................................ 4

    What happens next in this lawsuit?................................................................................... 4

**Learning About the Settlement** .......................................................................................... **5**

    What does the settlement provide? ................................................................................. 5

    How much will my payment be?....................................................................................... 6

    If I receive a payment, will I get credit for my over-detention in any future sentence?....... 6

**Deciding What to Do**.......................................................................................................... **6**

    How do I weigh my options?............................................................................................ 6

    What is the best path for me?.......................................................................................... 7

**Getting Paid** ...................................................................................................................... **7**

    How do I get a payment if I am a class member? ............................................................. 7

    What if I prefer to receive my payment via PayPal or Venmo?........................................... 8

    What if I believe I am entitled to more money? ................................................................ 8

    Do I have a lawyer in this lawsuit?.................................................................................... 8

    Do I have to pay the lawyers in this lawsuit?..................................................................... 8

**Opting Out** ........................................................................................................................ **9**

    What if I don't want to be part of this settlement? ........................................................... 9

    How do I opt out?............................................................................................................ 9

**Objecting**......................................................................................................................... **10**

    What if I disagree with the settlement? ........................................................................... 10

**Key Resources** ................................................................................................................. **11**

    How do I get more information? ...................................................................................... 11

**ELECTION FORM** ............................................................................................................. **12**

# About This Notice

## Why did I get this notice?

This notice is to tell you about the settlement of a class action lawsuit, *Puryear v. Dotson,* brought on behalf of people who were serving sentences in the Virginia Department of Corrections (VDOC) for inchoate offenses[1] associated with robbery or carjacking and were denied expanded earned sentence credits between July 2022 and November 2023. The lawsuit claims that these individuals were entitled to credits, and that by denying them, VDOC kept people in prison for longer than it should have. **You received this notice because VDOC records indicate that you are a member of the group of people affected, called the "class."** This notice gives you a summary of the terms of the proposed settlement agreement, explains what rights class members have, and helps class members make informed decisions about what action to take.

## What do I do next?

Read this notice in full. Then, decide if you want to:

| | |
|---|---|
| **Do Nothing** | Get a payment via check in the mail after the settlement is finally approved. You will be bound by the settlement. |
| **Challenge Your Payment Amount** | Page 1 of this Notice states the number of days that you were over-detained according to VDOC records and the approximate amount of compensation that you will receive. If you believe that the number of days is incorrect, you should contact the Settlement Administrator. You will be bound by the settlement. |
| **Change Your Payment Method** | If you prefer to receive your payment via PayPal or Venmo, fill out and return the Election Form on the last page of this packet. You will be bound by the settlement. |
| **Opt Out** | Get no payment. Allows you to bring another lawsuit against VDOC about the same issues. |
| **Object** | Tell the Court why you don't like the settlement. |

---

[1] Inchoate offenses are attempts, conspiracies, or solicitations to commit an offense. Your records reflect that you were serving a sentence in VDOC custody for attempted robbery, attempted carjacking, conspiracy to commit robbery, conspiracy to commit carjacking, solicitation to commit robbery, and/or solicitation to commit carjacking.

3

## What are the most important dates?

Your deadline to opt out: **March 31, 2025**
Your deadline to object: **April 14, 2025**
Settlement approval hearing: **May 19, 2025 at 10:00 AM**

## Learning About the Lawsuit

## What is this lawsuit about?

This lawsuit was filed in June 2024. It alleges that, between July 2022 and November 2023, VDOC wrongfully denied enhanced earned sentence credits to people serving sentences for inchoate offenses associated with robbery or carjacking and thus incarcerated these people for longer than it should have.

VDOC denies that it did anything wrong but has agreed to settle the lawsuit on a class-wide basis.

## Why is there a settlement in this lawsuit?

In November 2024, the parties agreed to settle, which means they have reached an agreement to resolve the lawsuit. Both sides want to avoid the risk and expense of further litigation.

The settlement is on behalf of Plaintiff Leslie Puryear, who brought the case, and all members of the settlement class. The Court has not decided in favor of either side.

**What is a class action settlement?**
A class action settlement is an agreement between the parties to resolve and end the case. Settlements can provide money to class members who were harmed.

## What happens next in this lawsuit?

The Court will hold a Fairness hearing to decide whether to approve the settlement. The hearing will be held at:

**Where:** Spottswood W. Robinson III and Robert R. Merhige, Jr. Federal Courthouse, 701 East Broad Street, Richmond, VA 23219.

4

**When: May 19, 2025 at 10:00 AM**.
*This date may change without further notice to the class. Contact the Clerk's Office at (804) 916-2220 to confirm the hearing date and time.*

The Court has directed the parties to send you this notice about the proposed settlement. Because the settlement of a class action decides the rights of all members of the proposed class, the Court must give final approval to the settlement before it can take effect. Payments will be made only if the Court approves the settlement.

You don't have to attend the hearing, but you may do so at your own expense. You may also ask the Court for permission to speak about the settlement at the hearing. If the Court does not approve the settlement, it will be void and the lawsuit will continue.

## Learning About the Settlement

### What does the settlement provide?

VDOC has agreed to pay up to $1,139,694 into a settlement fund. Class members will receive approximately $118 for every day that they were over-detained. Page 1 of this Notice lists your projected payment.

Members of the settlement class will "release" their claims as part of the settlement, which means they cannot sue VDOC for the issues that were raised in this lawsuit.[2]

If there is money left over after the claims process is completed, it will be donated to a charitable organization.

---

[2] Specifically, the release provides that "all Class Members other than those who have opted out of the Settlement Class shall be deemed to have fully, finally and forever, released, acquitted and discharged Defendants and each of their predecessors, successors, employees, agents, attorneys, accountants, Insurers, co-Insurers, re-Insurers, and the assigns and heirs of each of them from any and all claims and causes of action challenging the fact of over-detention on behalf of any Class Member arising in whole or part from the facts asserted in the Complaint, and including all such claims any Class Members have raised or might have raised now or in the future, from the beginning of time to the Effective Date of Settlement. Moreover, all Class Members other than those who have opted out will not have their calculated period of over-detention applied against any current or future active period of incarceration on a probation violation stemming from their underlying inchoate robbery or carjacking offense. Class members who elect to receive monetary damages waive the right to have any portion of their prior period of incarceration applied to reduce an active sentence on any subsequent probation violation."

## How much will my payment be?

Your payment amount is based on the number of days that you were over-detained. Page 1 of this Notice states the number of days that you were over-detained according to VDOC records and the compensation that you are entitled to based on that number of days. **If you think the number of days of over-detention is wrong, contact the Settlement Administrator.** If you do not contact the Administrator or opt out, you will receive a payment in this amount and be bound by the terms of this settlement.

## If I receive a payment, will I get credit for my over-detention in any future sentence?

If you were to receive an active sentence on a probation violation related to the crimes that you were serving time for during your over-detention, those extra days would be applied as jail credit to reduce the time you spend in custody on that future probation violation. **However, if you receive a payment from this settlement, you are no longer entitled to this credit.** If you would rather be able to receive jail credit against a possible future sentence than receive money, you should opt out of this settlement.

## Deciding What to Do

## How do I weigh my options?

You have five options. This chart shows the effects of each option:

|  | Do Nothing | Challenge Payment Amount | Change Payment Method | Object | Opt Out |
|---|---|---|---|---|---|
| **Can I receive a settlement payment if I . . .** | YES | YES | YES | YES | NO |
| **Am I bound by the terms of this lawsuit if I . . .** | YES | YES | YES | YES | NO |
| **Can I bring my own case if I . . .** | NO | NO | NO | NO | YES |
| **Will the class lawyers represent me in this case if I . . .** | YES | YES | YES | NO | NO |
| **Can I receive credit against a future probation violation sentence for the time I was over-detained if I . . .** | NO | NO | NO | NO | YES |

6

## What is the best path for me?



## Getting Paid

## How do I get a payment if I am a class member?

You do not need to do anything to get paid.

**If you do nothing, you will receive a check in the mail at the same address where you received this Notice**. The check will be sent after this settlement is finally approved by the Court, likely in mid-2025. Consult page 1 of this Notice for the amount of your check.

7

## What if I prefer to receive my payment via PayPal or Venmo?

If you prefer to receive your payment via PayPal or Venmo, fill out the Election Form on the last page of this Notice and return it to the Settlement Administrator in the pre-paid envelope. **You do not need to return the Election Form if you want to receive a payment by check. You will receive payment by check as a default.**

## What if I believe I am entitled to more money?

If you disagree with the number of days of over-detention for which you are being compensated (consult page 1 of this Notice), contact the Settlement Administrator. Their contact information is on the last page of this notice. They will consult with the parties and get back to you with a final calculation. If you disagree with their final calculation, you may object or opt out.

## Do I have a lawyer in this lawsuit?

In a class action, the court appoints class representatives and lawyers to work on the case and represent the interests of all the class members. For this settlement, the Court has appointed the following individuals and lawyers.

**Your lawyers:** Rebecca Livengood, Michael Allen, Ellora Israni, and Emahunn Campbell; Relman Colfax PLLC. These are the lawyers who negotiated this settlement on your behalf.

If you want to be represented by your own lawyer, you may hire one at your own expense.

## Do I have to pay the lawyers in this lawsuit?

Lawyers' fees and costs will be paid from the Settlement Fund. **You will not have to pay the lawyers directly.**

To date, your lawyers have not been paid any money for their work or the expenses that they have paid for the case. To pay for some of their time and risk in bringing this case without any guarantee of payment unless they

8

were successful, your lawyers will request, as part of the final approval of this Settlement, that the Court approve a payment of up to $400,000 total in attorneys' fees and costs. This money will not come out of the fund for the class.

Lawyers' fees and expenses will only be awarded if approved by the Court as a fair and reasonable amount.  You have the right to object to the lawyers' fees even if you think the settlement terms are fair.

Your lawyers will also ask the Court to approve a payment of up to $40,000 to Mr. Puryear for the time and effort he contributed to the case. If the Court approves anything less than $40,000, the balance will be redistributed among all of the class members.

Finally, your lawyers will also ask the Court to approve a payment of up to $20,000 to the Settlement Administrator for administering the settlement. This money will not come out of the fund for the class.

## Opting Out

### What if I don't want to be part of this settlement?

You can opt out. If you do, you will not receive payment and cannot object to the settlement. However, you will not be bound or affected by anything that happens in this lawsuit and may be able to file your own case. You may also receive jail credit if you were to be sentenced to active time on a probation violation related to the crimes for which you were in custody at the time you were over-detained.

Unless you opt out, you will be bound by the settlement and its "release" provisions. That means you won't be able to start, continue, or be part of any other lawsuit against VDOC about the issues in this case. A full description of the claims and persons who will be released if this settlement is approved is listed in footnote 1, above.

### How do I opt out?

To opt out of the settlement, you must send a letter to the Settlement Administrator that:

9

(1) is postmarked by March 31, 2025;
(2) includes the case name and number (*Puryear v. Dotson*, No. 3:24-cv-00479);
(3) includes your full name, address and telephone number, and email address;
(4) states that you want to opt out of the settlement; and
(5) is signed.

> Puryear v. Dotson Settlement Administrator
> c/o Settlement Services, Inc.
> P.O. Box 2715
> Portland, OR 97208

# Objecting

## What if I disagree with the settlement?

If you disagree with any part of the settlement (including the lawyers' fees) but don't want to opt out, you may object. You must give reasons why you think the Court should not approve it and say whether your objection applies to just you, a part of the class, or the entire class. The Court will consider your views. The Court can only approve or deny the settlement — it cannot change the terms of the settlement. You may, but don't need to, hire your own lawyer to help you.

To object, you must send a letter to the Settlement Administrator and Court that:

(1) is postmarked by April 14, 2025;
(2) includes the case name and number (*Puryear v. Dotson*, No. 3:24-cv-00479);
(3) includes your full name, address and telephone number, and email address;
(4) states the reasons for your objection;
(5) says whether you or your lawyer intend to appear at the fairness hearing and your lawyer's name; and
(6) is signed.

Mail the letter to:

10

| | |
|---|---|
| Puryear v. Dotson Settlement Administrator<br>c/o Settlement Services, Inc.<br>P.O. Box 2715<br>Portland, OR 97208 | United States District Court<br>Eastern District of Virginia<br>701 East Broad Street<br>Richmond, VA 23219 |

## Key Resources

### How do I get more information?

This notice is a summary of the proposed settlement. To get a copy of the settlement agreement or get answers to your questions:

- contact the Settlement Administrator or Your Lawyers (information below)

- access the Court Electronic Records (PACER) system online or by visiting the Clerk's office at the Court (address below).

| Resource | Contact Information |
|---|---|
| **Settlement Administrator** | Puryear v. Dotson Settlement Administrator<br>c/o Settlement Services, Inc.<br>P.O. Box 2715<br>Portland, OR 97208<br>[case phone number TBD]<br>claims@ssiclaims.com |
| **Your Lawyers** | Relman Colfax PLLC<br>ATTN: Puryear Team<br>1225 19th St. NW, Suite 600<br>Washington, D.C. 20036<br>(202) 728-1888<br>puryearteam@relmanlaw.com |
| **Court (DO NOT CONTACT)** | U.S. District Court<br>Eastern District of Virginia<br>701 East Broad Street<br>Richmond, VA 23219 |

11

# ELECTION FORM

**If you want to receive payment by PayPal or Venmo, fill out and return this form.**

\* PLEASE RETAIN A COPY OF THIS FORM, ALONG WITH ANY
INFORMATION THAT WOULD DEMONSTRATE THE TIME AND
MANNER IN WHICH IT WAS SUBMITTED

---

«FirstName» «LastName»          MailID: «MailID»
«Address» «Address 2»
«City», «State»  «Zip»
«Country»

Name/Address Changes:

_____
_____
_____

Your estimated settlement payment is <<AWARD>>

Please sign, date, and return this Election Form to the Settlement Administrator by postal mail, email (claims@ssiclaims.com), or fax, if you wish to receive your share of the Settlement Fund via PayPal or Venmo. You are not required to complete this form to receive a payment.  If you do not complete this form, you will receive your share of the Settlement Fund in the form of a check sent to your last known mailing address on file, as listed above.

Puryear v. Dotson Settlement Administrator
c/o SSI, an Epiq Company
P.O. Box 2715
Portland, OR 97208
Email: claims@ssiclaims.com
Phone: (8XX) XXX-XXXX
Fax: (850) 385-6008

Check one box below:

| | |
|---|---|
| [  ] | I would like to receive my Settlement Benefit via PayPal. *Please note that payments above $10,000 cannot be sent via PayPal. If you choose this option and your payment is greater than $10,000, you will still receive a check.*<br>PayPal Username: _____ |
| [  ] | I would like to receive my Settlement Benefit via Venmo. *Please note that payments above $3,000 cannot be sent via Venmo. If you choose this option and your payment is greater than $3,000, you will still receive a check.*<br>Venmo Username: _____     Last 4 digits of phone number:_____ |

**Signature:** _____     **Date:**_____

**Print Name:** _____

You must keep a current address on file with the Settlement Administrator and Class Counsel, along with a valid phone number and email address if you have them for updates.

Mailing Address:

_____

Phone number: _____     Email address: _____

# EXHIBIT D-2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| LESLIE PURYEAR, *on behalf of himself and all those similarly situated*, | |
| Plaintiff, | |
| v. | Civil Action No. 3:24-cv-00479-REP |
| CHARWICK DOTSON, *in his individual capacity*, | |
| HAROLD CLARKE, *in his individual capacity*, | |
| Defendants. | |

**[PROPOSED] ORDER GRANTING APPROVAL OF PROPOSED CLASS ACTION**
**SETTLEMENT AND CERTIFICATION OF CLASS**

WHEREAS, the Court entered an Order preliminarily approving the Settlement and

Settlement Agreement on _____, and held a Fairness Hearing on _____;

and the Court has heard and considered all submissions in connection with the proposed

Settlement and the files and records herein, including the objections submitted, as well as

arguments of counsel;

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1.      All terms and definitions used herein have the same meanings as set forth in the

Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of the Civil Action, the

Plaintiff, the Class, and Defendants.

1

3.    The Court finds that, for purposes of the Settlement, the requirements for a class action under Federal Rule of Civil Procedure 23 have been satisfied in that (a) the Class is ascertainable; (b) its members are too numerous to be joined practicably; (c) there are questions of law and fact common to the Class; (d) Plaintiff's claims are typical of the claims of the Class as a whole; (e) Plaintiff will fairly and adequately protect the interests of the Class; (f) neither Plaintiff nor Plaintiff's Counsel have interests adverse to the Class, and Plaintiff's Counsel are competent and experienced; and (g) common questions of law and fact predominate over questions affecting only individual members of the Class and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4.    For purposes of resolution of claims for monetary relief, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court finally certifies the Civil Action, for purposes of the Settlement, as a class action on behalf of the following Class: all individuals in the custody of the Virginia Department of Corrections ("VDOC") as of July 1, 2022 serving sentences for an inchoate crime associated with robbery or carjacking; who were not awarded expanded earned sentence credits ("ESCs") on those inchoate offenses under Virginia Code § 53.1-202.3(B), as amended; who were released from VDOC custody on or before November 30, 2023; who would have been released earlier than they were had they been awarded the expanded earned sentence credits as of July 1, 2022; and who were denied expanded ESCs solely because of their inchoate robbery and/or carjacking offense.

5.    Plaintiff's Counsel and Plaintiff Leslie Puryear are hereby appointed to represent the Class. Relman Colfax PLLC is hereby appointed as Plaintiff's Counsel.

6.    Notice of the class action Settlement was given to all Class Members pursuant to the Court's Order Granting Preliminary Approval of Proposed Class Action Settlement,

2

Provisional Certification of Class, and Approval of Notice ("Order for Notice and Hearing"). The form and method by which notice was given met the requirements of due process, Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto.

7.      The Settlement is in all respects fair, reasonable, and adequate, and it is finally approved. The Parties are directed to consummate the Settlement according to the terms of the Settlement Agreement. The Settlement Agreement and every term thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of the Court.

8.      Upon the Effective Date, Plaintiff, the Class, and each Class Member shall, by operation of this Order and Final Judgment, fully, finally, and forever release, acquit, and discharge the Released Claims against the Released Persons pursuant to the Settlement Agreement. Plaintiff, the Class, and each Class Member are hereby permanently enjoined and barred from instituting, commencing, or prosecuting any Released Claim against a Released Person in any action or proceeding in any court or tribunal.

9.      The individuals identified on the list attached hereto **as Exhibit 1** have opted out of the Class and are not bound by the Settlement Agreement, Settlement, or Order and Final Judgment, and have not waived, relinquished, or released the right to assert any claims against Defendants.

10.      This Order and Final Judgment, the Settlement Agreement, and any and all communications between and among the Parties pursuant to or during the negotiation of the Settlement shall not constitute, be construed as, or be admissible in evidence as an admission of the validity of any claim or defense asserted or fact alleged in the Civil Action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of the Parties.

3

11.     Plaintiff's Counsel are awarded the sum of $400,000 in attorneys' fees and costs, to be paid by Defendants in accordance with the terms of the Settlement Agreement.

12.     Plaintiff Leslie Puryear is awarded $40,000 is awarded as a service payment, to be paid by Defendants in accordance with the terms of the Settlement Agreement.

13.      Within twenty-one (21) days after receipt of the Per Diem Total into the Escrow Account, the Per Diem Total shall be distributed pro rata to the Settlement Class based on the number of days that each individual was over-detained, *i.e.*, the number of days between when the individual would have been released had they been given retroactive expanded ESCs as of July 1, 2022, and when the class member was actually released. Should any Settlement Class member's payment be less than $1,000, the payment shall be revised upward to $1,000, and payments to other members of the Settlement Class shall be revised downward, so that the total amount distributed to members of the Settlement Class does not exceed the total value of the Escrow Account. The amount of payment tentatively due to each Class Member is outlined in **Exhibit __** to the Motion for Final Approval.

14.     If for any reason any portion of the Per Diem Total money remains in the Escrow Account one year after distribution of payments from the Escrow Account to the Settlement Class, all such remaining money shall be donated to a third-party non-profit organization mutually agreed upon by the Parties.

15.     Defendants are directed to pay these amounts within sixty (60) days after the Effective Date, as described in the Settlement Agreement.

16.     The Settlement Administrator shall not be responsible for any of the relief provided to the Settlement Class under this Settlement Agreement. For its actions relating to the

implementation of this Settlement Agreement, to the extent permitted by applicable law, the Settlement Administrator shall have the same immunity that judges have for their official acts.

17.     Pursuant to Rule 7 of the Federal Rules of Appellate Procedure, "in a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." In light of the Court's ruling regarding the adequacy of the relief afforded by the Settlement, the reaction of the Class and the number of Class Members, the Court orders that any appeal of this Order must be accompanied by a bond of $150,000.

18.     This Civil Action is hereby dismissed in its entirety with prejudice. Except as otherwise provided in this Order and Final Judgment or in the Settlement Agreement, the Parties shall bear their own costs and attorneys' fees. Without affecting the finality of this Order and the Judgment hereby entered, the Court retains exclusive jurisdiction over the Parties for all matters relating to the Civil Action and the Settlement, including the administration, interpretation, effectuation, or enforcement of the Settlement.

19.     Without further Order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

Dated: _____            _____

Hon. Robert E. Payne
United States District Judge

**Order Granting Approval of Proposed Class Action Settlement and
Certification of Class: Exhibit 1 (Opt-Out List)**

*To be completed after Notice and Opt-Out Period*