IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| LESLIE PURYEAR, *on behalf of himself and all those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>CHADWICK DOTSON, *in his individual capacity*,<br><br>HAROLD CLARKE, *in his individual capacity*,<br><br>Defendants. | Civil Action No. 3:24-cv-00479-REP |

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, PROVISIONAL CERTIFICATION OF CLASS, AND APPROVAL OF NOTICE**

The Court having reviewed the proposed terms of the Settlement set forth in the executed Settlement Agreement, by and between Defendants Chadwick Dotson and Harold Clarke and Plaintiff Leslie Puryear, individually and on behalf of those similarly situated, in the above-styled Civil Action, together with all exhibits thereto, the record in the Civil Action, and the arguments of counsel;

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. The proposed terms of Settlement set forth in the Settlement Agreement (ECF No. 55-1) are hereby preliminarily approved as being within the range of possible final approval as

1

fair, reasonable, and adequate such that notice thereof should be given to members of the Class.

2. For purposes of resolution of claims for monetary relief, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the following class (the "Settlement Class") is provisionally certified for purposes of Settlement only: all individuals in the custody of the Virginia Department of Corrections ("VDOC") as of July 1, 2022 serving sentences for an inchoate crime associated with robbery or carjacking; who were not awarded expanded earned sentence credits ("ESCs") on those inchoate offenses under Virginia Code § 53.1-202.3(B), as amended; who were released from VDOC custody on or before November 30, 2023; who would have been released earlier than they were had they been awarded the expanded earned sentence credits as of July 1, 2022; and who were denied expanded ESCs solely because of their inchoate robbery and/or carjacking offense.

3. On the current record, the Court preliminarily finds that: (a) the Class is ascertainable; (b) its members are too numerous to be joined practicably; (c) there are questions of law and fact common to the Class; (d) Plaintiff's claims are typical of the claims of the Class as a whole; (e) Plaintiff will fairly and adequately protect the interests of the Class; (f) neither Plaintiff nor Plaintiff's Counsel have interests adverse to the Class, and Plaintiff's Counsel are competent and experienced; and

(g) common questions of law and fact predominate over questions affecting only individual members of the Class and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4. This Court's preliminary certification of the Class and findings incident thereto shall be solely for settlement purposes. The preliminary certification of the Class shall be vacated and shall have no effect in the event that the Settlement Agreement is not finally approved by this Court or otherwise does not take effect. In the event that the Court's approval of the Settlement Agreement, entry of the Order and Final Judgment, or certification of the Class is or are disapproved, reversed, vacated or terminated, neither the Settlement Agreement nor the findings in this Order shall affect the rights of the Parties to take action in support of or in opposition to class certification or to prosecute or defend the Civil Action, or this Court's ability to grant or deny certification for litigation purposes. If this Order for Notice and Hearing is vacated, the Parties shall be restored to the *status quo ante* as of the date preceding the date of this Order.

5. The Court finds that the method of providing notice to the Class proposed in the Settlement Agreement constitutes the best method for providing such notice practicable under the circumstances and constitutes valid, due, and sufficient notice to

3

all Class Members of their rights and obligations, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. The Notice (ECF No. 55-2) is hereby approved as to form. Pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, the Notice, to be distributed by first class mail, and email, states: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, and defenses; (iv) that a Class Member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; (v) the binding effect of a class judgment on members under Rule 23(c)(3); and (vi) that more information is available from the Settlement Administrator upon request. The Notice also describes the settlement administration process and informs the Class Members that the Settlement Agreement provides for the release of their Released Claims (as that term is defined in the Settlement Agreement) and the payment of Plaintiff's Counsels' attorneys' fees. <u>See</u> Fed. R. Civ. P. 23(h).

6. Settlement Services, Inc. is approved as the Settlement Administrator for the proposed Settlement. Within sixty (60) days following the Effective Date, Defendants shall pay or cause to be paid $20,000 into the Escrow Account as compensation for the

Settlement Administrator. These funds may be dispersed, as reasonably required and without further approval of the Court, to pay Settlement Administration Costs incurred by the Settlement Administrator. Prior to withdrawing any funds from the Escrow Account as payment, the Settlement Administrator shall provide an invoice to both Parties detailing the Administrator's activities to-date and the amount to be billed. Upon receipt, the Parties shall have ten (10) days to object to the invoice. Any disputes regarding the invoice shall be resolved in accordance with the Dispute Resolution Procedures in Section VIII of the Settlement Agreement. If no Party has objected within ten (10) days of the issuance of the invoice, the Settlement Administrator may then pay itself the amount of the invoice from the Escrow Account. The Settlement Administrator has agreed that the Settlement Administration Costs will not exceed $20,000 total.

7. Within five (5) days after the entry of this Order for Notice and Hearing, by February 3, 2025, Defendants shall prepare and deliver an Excel spreadsheet to the Settlement Administrator containing the names, Social Security Numbers, last known addresses, last known telephone numbers, last known email addresses, and dates of over-incarceration of all potential Class Members ("Class Intake List"). Defendants shall simultaneously provide a copy of the spreadsheet to Plaintiff's Counsel.

8. Within twenty-one (21) calendar days after the entry of this Order for Notice and Hearing, by February 19, 2025, the Settlement Administrator shall cause to be sent, via first-class mail and email, the Notice substantially in the form of ECF No. 55-2 using the most recent contact information of the individuals on the Class Intake List.

9. No later than the date on which the Settlement Administrator first distributes the Notice, the Settlement Administrator shall maintain and staff with live persons a toll-free "800" line to receive calls from Class Members between the hours of 9:00 a.m. and 7:00 p.m. (Eastern Standard Time), Mondays through Fridays. At all other times, the line shall be answered by a voicemail message recording device. These hours of telephone coverage shall be subject to revision and modification upon agreement of the Plaintiff and Defendants based on the recommendation of the Settlement Administrator. The live persons staffing the "800" line shall be trained to provide information consistent with the Notice, and the voicemail message shall use language agreed upon by Plaintiff and Defendants.

10. For each Notice mailed to a person on the Class Intake List and returned as undeliverable, the Settlement Administrator shall notify Plaintiff's Counsel and Defense Counsel within two (2) days after receipt of any undeliverable Notice. All Counsel shall endeavor to obtain any likely current address(es) of the

Class Member, including by obtaining updated contact information from the Class Member's probation/parole officer, and provide it to the Settlement Administrator within five (5) days thereafter. The Settlement Administrator shall simultaneously conduct address "tracing." Within two (2) days after receipt of additional address(es), the Settlement Administrator shall re-mail the Notice to any address(es) provided by the Parties and/or by tracing. Plaintiff's Counsel, Defense Counsel, and Settlement Administrator will take comparable steps with respect to email addresses determined not to be accurate.

11. Plaintiff's Counsel and Plaintiff Leslie Puryear are hereby appointed to represent the Settlement Class. Relman Colfax PLLC is hereby appointed as Plaintiff's Counsel.

12. On May 5, 2025, Plaintiff shall move the Court to enter an Order and Final Judgment and shall file a memorandum addressing any timely-filed written objections to the Settlement. On May 19, 2025, the Court will subsequently hold a hearing (the "Fairness Hearing") to consider and determine whether the requirements for certification of the Class have been met; whether the proposed Settlement of the Civil Action on the terms set forth in the Settlement Agreement should be approved as fair, reasonable, and adequate; whether Plaintiff's Counsel's award of attorneys' fees and costs should be approved; whether Plaintiff's service payment should be approved; and whether the Order and Final Judgment

7

approving the Settlement and dismissing the Civil Action on the merits and with prejudice against Class Members should be entered.

13. The Fairness Hearing may, from time to time and without further notice to the Class (except those who have filed timely and valid objections), be continued or adjourned by Order of the Court.

14. Class Members who wish to opt out of the proposed Settlement must do so in writing as specified by the procedure in the Notice. Requests to opt out of the proposed Settlement must be filed by the Settlement Administrator through Plaintiff's counsel by April 7, 2025. The Settlement Administrator shall determine whether a Class Member has timely satisfied the procedure set forth in the Notice. Within three (3) days of receipt of an opt-out, the Settlement Administrator shall serve copies on Plaintiff's Counsel and Defense Counsel, and file through Plaintiff's counsel a list of opt-outs with the Court.

15. Any Class Member who exercises the right to opt out of the proposed Settlement shall have a right to rescind his or her opt-out by following the procedure specified in the Notice. Opt-out rescissions must be received by the Settlement Administrator within 90 days after the entry of the Order for Notice and Hearing. The Settlement Administrator shall determine whether a Class Member has timely satisfied the procedure set forth in the Notice.

16. 95 days after entry of the Order for Notice and Hearing, by May 5, 2025, the Settlement Administrator shall serve all requests to opt out of the proposed Settlement that have not been rescinded and an inventory listing the requests to opt out that have not been rescinded on Defense Counsel and Plaintiff's Counsel, who shall file the inventory with the Court. The Settlement Administrator shall retain copies of all requests to opt out and rescissions in its files until such time as it is relieved of all duties and responsibilities under this Settlement Agreement.

17. Class Members who wish to present objections to the proposed Settlement must do so in writing as specified by the procedure in the Notice. Written objections must be mailed and postmarked no later than April 14, 2025, and addressed to the United States District Court for the Eastern District of Virginia, 701 East Broad Street, Richmond, VA 23219 and to the Settlement Administrator. In the event that counsel for any Party receives a written objection, within five (5) days of receipt, the receiving counsel shall provide a copy to the Settlement Administrator and electronically file the written objection with the Court. Objections shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing only if the objector follows the requirements for objection set out in the Notice. Any Class Member who does not comply with these requirements will be deemed to have waived any objections

9

and will be forever barred from making any objections to the proposed Settlement.

18. It is not necessary for an objector to appear at the Fairness Hearing. However, if an objector wishes to appear and/or speak at the Fairness Hearing, they must indicate in their objection letter whether they intend to appear personally or through an attorney.

19. The Settlement Administrator shall not be responsible for any of the relief provided to the Settlement Class under this Settlement Agreement. For its actions relating to the implementation of this Settlement Agreement, to the extent permitted by applicable law, the Settlement Administrator shall have the same immunity that judges have for their official acts.

20. On May 5, 2025, Plaintiff shall move the Court to enter an Order and Final Judgment substantially in the form of ECF No. 55-3 and shall file a memorandum addressing any timely-filed written objections to the Settlement.

21. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

DATED: January 29, 2025                              /s/    REP
                                          Robert E. Payne
                                          Senior United States District Judge

10