IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LESLIE PURYEAR, *on behalf of*
*himself and all similarly*
*situated persons*,

             Plaintiff,

v.                                        Civil Action No. 3:24-cv-479

CHADWICK DOTSON, *in his*
*individual capacity*,

HAROLD CLARKE, *in his*
*individual capacity*,

             Defendants.

**FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS AND
DISMISSAL WITH PREJUDICE**

This matter is before the Court on PLAINTIFF'S UNOPPOSED
MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT,
CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF ATTORNEY FEE AWARD,
AND APPROVAL OF SERVICE AWARD, ECF No. 61 ("the MOTION").
Plaintiff, individually and on behalf of the proposed Settlement
Class, and Defendants have entered into the AMENDED SETTLEMENT
AGREEMENT (the "AGREEMENT" or "SETTLEMENT AGREEMENT"), ECF No. 55-
1, that settles the above-captioned litigation.

On January 28, 2025, the Court held a Hearing to consider the
PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED
CLASS ACTION SETTLEMENT, PROVISIONAL CERTIFICATION OF SETTLEMENT
CLASS, AND APPROVAL OF NOTICE, ECF No. 46 ("the PRELIMINARY

APPROVAL MOTION"). On January 29, 2025, through the ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, PROVISIONAL CERTIFICATION OF CLASS, AND APPROVAL OF NOTICE, ECF No. 56 (the "ORDER FOR NOTICE AND HEARING"), the Court GRANTED the PRELIMINARY APPROVAL MOTION, having preliminarily found that the proposed SETTLEMENT AGREEMENT was fair, adequate, and reasonable. It also provisionally certified the proposed Class and approved the Notice to send to Class Members.

Pursuant to the ORDER FOR NOTICE AND HEARING, the Court conducted a final approval and Fairness Hearing on May 19, 2025, to finally determine, inter alia: (1) whether the terms and conditions of the SETTLEMENT AGREEMENT are fair, adequate, and reasonable; (2) whether the attorneys' fee award is reasonable; (3) whether the service award is reasonable; and (4) whether judgment should be entered dismissing this Civil Action with prejudice.

Having considered the MOTION; the AGREEMENT and all appendices thereto; the record; and the briefs, declarations, and oral argument in this matter,

It is hereby ORDERED, ADJUDGED, and DECREED that:

1. All terms and definitions used herein have the same meanings as set forth in the AGREEMENT.

2. The Court has jurisdiction over the subject matter of the Civil Action, Plaintiff, the Class, and Defendants.

3. The Court finds that, for purposes of the AGREEMENT, the requirements for a class action under Federal Rule of Civil Procedure 23 have been satisfied in that (a) the Class is ascertainable; (b) its members are too numbers to be joined practicably; (c) there are questions of law and fact common to the class; (d) Plaintiff's claims are typical of the claims of the Class as a whole; (e) Plaintiff will fairly and adequately protect the interests of the Class; (f) neither Plaintiff nor Plaintiff's Counsel has interests adverse to the Class, and Plaintiff's Counsel are competent and experienced; and (h) common questions of law and fact predominate over questions affecting only individual members of the Class and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4. For purposes of resolution of claims for monetary relief, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court finally CERTIFIES the Civil Acton, for purposes of settlement, as a class action on behalf of the following Class: any individual in custody of VDOC as of July 1, 2022, serving a sentence for an inchoate crime associated with robbery or carjacking; who was not awarded expanded ESCs on those inchoate offenses under Virginia Code § 53.1-202.3(B), as amended; who was released from VDOC

3

custody on or before November 30, 2023; and who would have been released earlier than they were had they been awarded expanded ESCs as of July 1, 2022. "Class Member" is limited to those individuals who were excluded from earning expanded ESCs solely because of an inchoate robbery and/or carjacking offense.

5. "Class" and "Settlement Class" mean all Class Members, excluding (1) the District and Magistrate Judges presiding over this action and members of their families; (2) Defendants and members of their families; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives or assigns of any such excluded persons.

6. Plaintiff's Counsel Relman Colfax PLLC and Plaintiff Leslie Puryear are hereby APPOINTED to represent the Class.

7. Notice of the class action Settlement was given to all Class Members pursuant to the Court's ORDER FOR NOTICE AND HEARING. The form and method by which notice was given met the requirements of due process, Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto.

8. The SETTLEMENT AGREEMENT is in all respects fair, adequate, and reasonable, and is finally APPROVED. The Parties are

4

directed to consummate the AGREEMENT according to the terms
of the AGREEMENT. The AGREEMENT and every term thereof shall
be deemed incorporated herein as if explicitly set forth and
shall have the full force of an ORDER of the Court.

9. The Parties have verified that no opt outs were filed by
any Class Member by the opt-out deadline set by the Court.
ECF No. 57.

10. Two Class Members objected to the Settlement. One of those
objections was withdrawn after filing. ECF No. 58. The second
objection, filed by Class Member Gauzza, objected to the
reasonableness of the amount awarded to the Class Members, to
the reasonableness of the attorneys' fee award, and to the
fact that the Defendants did not apologize for the alleged
conduct. ECF No. 59 ("the OBJECTION"). The Court considered
and OVERRULED the OBJECTION at the May 19, 2025, Fairness
Hearing after finding that (1) the amount awarded to each
class member was reasonable based on their time incarcerated,
their earning potential post-incarceration, and compared to
class settlement awards garnered by other classes in
similarly situated cases; (2) the attorneys' fee award of
$400,000.00 (or an approximately 25% contingency fee) was
reasonable based on the competency, diligence, and effort
exerted by Plaintiff's Counsel on behalf of the Class in this

5

action; and (3) the Defendants need not apologize or admit wrongdoing, as is common in settlement agreements.

11. Defendants shall pay, or cause to be paid, $1,590,018.00, constituting the Settlement Fund into the Escrow Account. The Settlement Administrator shall distribute the Settlement Fund, as set out in ¶ 4 of the SETTLEMENT AGREEMENT:

a. Each Class Member shall receive a pro rata share of the Per Diem Total, as set out in Exhibit A to the SETTLEMENT AGREEMENT. If, for any reason, any portion of the Per Diem Total money remains in the Escrow Account one year after distribution of payments from the Escrow Account to the Settlement Class, all such remaining money shall be donated to a third-party nonprofit organization mutually agreed upon by the Parties.

b. The Court hereby finds that the attorneys' fees requested by Plaintiff's Counsel are reasonable. Plaintiff's Counsel are awarded the sum of $400,000.00 in attorneys' fees and expenses to be paid by Defendants in accordance with the terms of the SETTLEMENT AGREEMENT.

c. The Court hereby finds that the service award is reasonable. Plaintiff Leslie Puryear is awarded a service award of $40,000.00, to be paid by the Defendants

6

in accordance with the terms of the SETTLEMENT AGREEMENT.

d. The Settlement Administrator shall receive the Settlement Administrative Costs, up to $20,000.00. Prior to withdrawing any funds from the Escrow Account as payment, the Settlement Administrator shall provide an invoice to both Parties detailing the Administrator's activities to-date and the amount to be billed, and provide the Parties ten (10) days to object to the invoice as set forth in ¶ 4(d) of the SETTLEMENT AGREEMENT. Any difference between $20,000.00 and the actual Settlement Administration Costs shall revert back to the Defendants after the Settlement Administrator has been paid for its final invoice.

12. Upon the Effective Date, Plaintiff and the Class shall, by operation of this ORDER AND FINAL JUDGMENT, fully and finally release their claims regarding the subject matter of this Civil Action against the Defendants, as provided in ¶ 29 of the AGREEMENT.

13. This ORDER AND FINAL JUDGMENT, the SETTLEMENT AGREEMENT, and any and all communications between and among the Parties pursuant to or during the negotiation of the Settlement shall not constitute, be construed as, or be admissible in evidence as an admission of the validity of any claim or defense

7

asserted or fact alleged in the Civil Action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of the Parties.

14. The Settlement Administrator shall not be responsible for any of the relief provided to the Settlement Class under the SETTLEMENT AGREEMENT. For its actions relating to the implementation of the SETTLEMENT AGREEMENT, to the extent permitted by applicable law, the Settlement Administrator shall have the same immunity that judges have for their acts.

15. Pursuant to Rule 7 of the Federal Rules of Appellate Procedure, "in a civil case, the district court may require an appellant to file a bond or provided other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. Civ. P. 7. In light of the Court's ruling regarding the adequacy of the relief afforded by the SETTLEMENT, the reaction of the Class and the number of Class Members, the Court hereby ORDERS that any appeal of this ORDER must be accompanied by a bond of $1,000.00.

16. This Civil Action is hereby DISMISSED in its entirely on the merits and with prejudice. Except as otherwise provided in this ORDER AND FINAL JUDGMENT or in the SETTLEMENT AGREEMENT, the Parties shall bear their own costs and attorneys' fees. Without affecting the finality of the ORDER AND FINAL JUDGMENT hereby entered, the Court retains

8

exclusive jurisdiction over the Parties for all matters relating to the Civil Action and the Settlement, including the administration, interpretation, effectuation, or enforcement of the Settlement.

17. Without further ORDER of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

The Clerk is directed to close this case.

It is so ORDERED.

_____ /s/   _RE_

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 19, 2025